## SMITH et al. v. OLMSTEAD et al.*

### No. 13,125; January 25, 1890.

#### 22 Pac. 1143.

**Wills—Omitted Children—Power of Sale.**—Under Code of Civil Procedure, section 1561, providing that "when property is directed by the will to be sold, or authority is given in the will to sell property, the executor may sell any property of the estate without order of the court," and section 1307, providing that children of a testator omitted from a will must inherit from the testator "as if he had died intestate," a power of sale in a will does not authorize the sale of the interests of children not mentioned in the will, without the previous sanction of the probate court required in ordinary cases, and a subsequent confirmation of the sale by the court does not validate it.

*For subsequent opinion in bank, see 88 Cal. 582, 22 Am. St. Rep. 1143, 26 Pac. 521.

APPEAL from Superior Court, Los Angeles County; A. W. Hutton, Judge.

Chapman & Hendricks for appellants; C. Edgar Galbraith and Anderson, Fitzgerald & Anderson for respondents.

HAYNE, C.—Suit to quiet title. Judgment for plaintiffs. Defendants appeal. In 1880 the owner of the property died leaving a will by which the whole of the property was devised to the widow, who was made sole executrix without bonds, and it was provided that "she have absolute power to sell any or all of said real and personal property at public or private sale, with or without advertisement, and without application to any court, and without approval or authority of any court whatever." The will was admitted to probate and letters testamentary were issued to the widow. Acting under the power contained in the will, she sold the property to the defendant Eliza J. Olmstead without obtaining an order of sale from the probate court. She reported her proceedings to the court, however, and an order confirming the sale was made, and a conveyance executed. The plaintiffs are the four minor children of the testator. They were not mentioned or in any way referred to in the will, and claim as pretermitted heirs. The main question argued is whether the power of sale given by the will authorized a sale of the children's interests without the previous sanction of the probate court required by the Code of Civil Procedure in ordinary cases. This seems to us to be a question of construction. The provision of the Civil Code in relation to a child of whom no mention is made in a will is that he "must have the same share in the estate of the testator as if he had died intestate, and succeeds thereto as provided in the preceding section": Civ. Code, sec. 1307. The "preceding section" is in relation to children born after the making of the will, either during the lifetime of the testator or after his death, and provides that such a child "succeeds to the same portion of the testator's real and personal property that he would have succeeded to if the testator had died intestate." So far as the question in hand is concerned, these provisions are in substance the same as those of the statute of wills previously in force. The provision of the Code of Civil Procedure in

relation to powers of sale is substantially the same as section 178 of the old probate act, as amended in 1861, and is as follows:

"Sec. 1561. When property is directed by the will to be sold, or authority is given in the will to sell property, the executor may sell any property of the estate without order of the court, and at either public or private sale, and with or without notice, as the executor may determine, but the executor must make return of such sales as in other cases; and if directions are given in the will as to the mode of selling, or the particular property to be sold, such directions must be observed. In either case, no title passes unless the sale be confirmed by the court."

We do not find that the cases in this state cited by counsel determine the question presented. In Estate of Delaney, 49 Cal. 76, it was held that where the legal title is devised to the executor the provisions requiring order of sale, confirmation, etc:, do not apply. In Estate of Durham, 49 Cal. 495, it was held that where the legal title is not devised to the executor, and he has a naked power of sale, the provision requiring a confirmation applies, and that such confirmation must be according to prescribed formalities. The latter decision is not in point, because here there was a confirmation, to which no objection is taken. And the former decision is not in point, because it is settled that the legal title descends to and vests in the pretermitted heir, who becomes a tenant in common with the devisees, if there are any valid devises: Pearson v. Pearson, 46 Cal. 627. This latter case, however, while it shows that the rule laid down in Delaney's Estate has no application, does not determine the question involved here, which is whether the omitted child takes the title subject to the power of sale or not. In Oregon it has been held that a power of sale in a will does not cover the interest of a posthumous child not mentioned in the will: Northrop v. Marquam, 16 Or. 173, 18 Pac. 457. In that state, however, the statute provided that so far as such child was concerned the testator "shall be deemed to die intestate," which is somewhat broader language than that of our statute. In New York the statute is substantially the same as ours. And in that state it is held that the share of a child born between the making of the will and the death of the testator, and not

mentioned in the will is not affected by a power of sale contained in the will: Smith v. Robertson, 89 N. Y. 558. The argument in favor of the omitted child seems to be that if the testator had died intestate the interest of such child could only be sold in certain cases, and after certain formalities, and that the statute provides, in substance, that the omitted child shall inherit from the testator "as if he had died intestate." The argument on the other side is that the statute only provides that the omitted child shall inherit "the same share" as if the testator had died intestate, and that while such share goes to the child it is subject to the other provisions of the will. Each of these arguments seems to us to assume the real question in dispute. And the case is such that no satisfactory conclusion can be reached from a consideration of the mere language of the statute. But we think that a due regard for the interests of pretermitted heirs requires that the safeguards provided by law against improper sales of their property should only be dispensed with in a clear case; that this cannot be said to be a clear case, because the law presumes that the omission of all mention of a child was from accident, misapprehension, or forgetfulness, and it cannot be concluded with any degree of certainty that the testator would have given a power of sale of the child's interest if the fact that it would have an interest had been present to his mind. If, for example, a testator supposes that his child is dead, and under that belief devises his whole property to one not of his blood, it is very natural that he should make such devisee sole executor, and give him unrestricted power of sale. But would he have given such power to the devisee if he had known that his child was alive, and would inherit the whole estate? Upon the whole, though the matter is not free from doubt, we think it better that the rule laid down by the New York case should be followed, viz., that, inasmuch as the devise of the child's interest is inoperative, the power of sale of his interest should be construed not to apply to it. The order of confirmation was not conclusive of the legality of the sale. We therefore advise that the judgment appealed from be affirmed.

We concur: Belcher, C. C.; Gibson, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment appealed from is affirmed.