Gaven v. Allen.

## GAVEN, *Appellant*, v. ALLEN.

1. **Will, Construction of:** POWER. A testator devised his property to his wife, providing, however, that, in case she married again, it should be divided among his children. She was empowered to act, as to the sale of his property, "as she may think best for the benefit of herself and children;" *held* that the will gave her power to convey a perfect title in fee.

2. ———: ———. Where a power of disposal accompanies a bequest or devise of a life-estate, the power is limited to such a disposition as a tenant for life can make, unless there are words in the will clearly indicating that a larger power of disposition was intended.

Gaven v. Allen.

3. **Foreign Will:** STATUTES. Revised Statutes, 1879, sections 3992, 3993, providing for the execution and proving of wills by persons owning property in this state, and the recording here of copies of same and of the probate thereof, applies to a will probated in a foreign country, as well as to one probated in another state.

4. ———: ———. A foreign will, unless there has been a compliance with the above sections, or unless the will is proved anew in this state, is worthless as a muniment of title to real estate located here.

*Appeal from St. Louis County Court.*

REVERSED AND REMANDED.

*Gist Blair* for appellant.

(1) Appellant is the owner in fee simple or the property in St. Louis by virtue of the residuary clause in the will of Anthony Gaven, viz.: "As to the rest, residue or remainder of my property, whatsoever or wheresoever the same may be, and not hereinbefore given and disposed of after payment * * * I give and bequeath unto my said wife, Ellen Gaven." Schouler on Wills, secs. 484, 485, 510, 522, 525, 549, inclusive; 2 Jarman on Wills [5 Amer. Ed., Randolph & Talcott Ed.] pp. 315, 326; 2 Jarman on Wills, p. 321, note 2, cases cited; pp. 320-5, and p. 329; 2 Williams Ex'rs, 1079, cases cited; *Jowgsma v. Jowgsma*, 1 Cox, 362; *Hogan v. Jackson*, Cowp. 299; *Ferguson v. Zepp*, 4 Wash. 645; 14 East. 380; *Bradford v. B.*, 2 Sims, 264; *Attrie v. A. L. R.*, 11 Eq. 280; *Lord Torrington v. Bowman*, 22 Law Jour. 236; *Nicholls v. Butcher*, 18 Ves. 193, cases cited; *Patten v. Randall*, 1 Jac. & Walk. 195; *Stewart v. Garrett*, 3 Simons, 398; *Lessee of Thompson v. Hoop*, 6 Ohio St. 488; *Peppard v. Deal*, 9 Penn. St. 142; *Morrison v. Semple*, 6 Binn. 97; *Chamberlain v. Owings*, 30 Md. 453; *Chapman v. Chick*, 81 Me. 109; *Carr v. Dings*, 58 Mo. 400. (2) Limitations

in restraint of marriage are contrary to the policy of the law and construed strictly. The restriction in the will of Anthony Gaven does not apply to the residuary clause; it is without a limitation over and void. 2 Jarman on Wills [ 5 Amer. Ed. by Randolph & T.] pp. 563, 566-7, notes and cases; *Gough v. Manning*, 26 Md. 347. (3) Intention of the testator is the controlling guide in construing a will; this intention is to be gathered from the general design of the will. *Gaines v. Fender*, 57 Mo. 342; *Carr v. Dings*, 58 Mo. 400; *Turner v. Timberlake*, 53 Mo. 371; *Smith v. Hutchinson*, 61 Mo. 83; *Allison v. Chaney*, 63 Mo. 279; *Carter v. Alexander*, 71 Mo. 585; *Russell v. Eubanks*, 84 Mo. 415; Schouler on Wills, sec. 549. (4) Discretionary powers enable the donee of the power to convey in fee. The deed tendered defendant is sufficient under a power to convey in fee. In construing a power, the intention of the parties is to govern, which intention is to be gathered from the instrument and circumstances. *Leeds v. Wakefield*, 10 Gray [ Mass.] 514; *Singleton v. Scott*, 11 Iowa, 589; *Bostick v. Winton*, 1 Sneed [Tenn.] 524; *Crust v. McKee*, 2 Head [Tenn.] 1; *Warde v. Richards*, 11 Gray, 277; *Russell v. Russell*, 36 N. Y. 581; *Bishop v. Romple*, 11 Ohio St. 277; *Proter v. Thomas*, 23 Ga. 467; *Geisty v. Pulliam*, 17 Ill. 59; 1 Sugden on Powers, 118. Words of Sugden are approved by this court in *Owen v. Switzer*, 51 Mo. 322, p. 328. Also see *Gregory v. Cowgill*, 19 Mo. 416; *Hazel v. Hazel*, 47 Mo. 277; *Carr v. Dings*, 54 Mo. 95; *Carr v. Dings*, 58 Mo. 400; *Reinders v. Kopplemann*, 68 Mo. 49; *Wead v. Gray*, 78 Mo. 59; *Farish v. Cook*, 78 Mo. 616; *Russell v. Eubanks*, 84 Mo. 83; *Harbison v. James*, 90 Mo. 415.

*Leonard Wilcox* for respondent.

(1) Until the will of Anthony Gaven has been duly admitted to probate in the proper court of some one of

the United States, it can have no force or effect as evidence or otherwise. *Barnard v. Bateman*, 76 Mo. 414; *Smith v. Estes*, 72 Mo. 312; Tucker's Manual of Wills., p. 14; *Campbell v. Wallace*, 10 Gray, 162; 1 R. S. 1879, secs. 3988, 3989, 3992-3. (2) The interest devised to Ellen Gaven in the residuary real estate of Anthony Gaven is not an estate in fee simple absolute, but at most a fee, determinable in the event that she remarries. (3) The power of sale conferred upon the testator's wife does not extend to his residuary estate. (4) But if it be otherwise whatever power of disposal is conferred is limited by the extent of the estate or interest devised to the wife in connection with the power. *Giles v. Little*, 104 U. S. 298; *Brandt v. Coal Co.*, 93 U. S. 326; *Munro v. Collins*, 95 Mo. 39.

BLACK, J.—Anthony Gaven, a citizen of Great Britain, residing in Ireland, died testate in September, 1880, being then the owner in fee of the parcel of real estate now in question, which is situated in the city of St. Louis, in this state. The will was probated in Ireland, and a copy thereof and of the probate recorded in the city of St. Louis. The plaintiff is. the widow of the testator, and claims the property by the will of her husband. She sold it to the defendant, and this is a suit brought by her as vendor for the specific performance of that contract. The case is here by appeal from the judgment of the circuit court sustaining a demurrer to the petition; and the questions are, whether by the will the plaintiff has a fee-simple absolute title, and if not, then whether the will gives her power to convey a perfect title in fee.

The will, omitting formal parts, is as follows: "I devise unto my dear wife, Ellen Gaven, all my estate, right, title and interest in my two houses and farm of land, at present occupied by me under lease from the Marquis of Sligo. I also devise unto my said wife,

Ellen Gaven, all my estate, right, title and interest in Calf Island and Derinish Island, * * * county of Mayo.  I also bequeath unto my said wife, Ellen Gaven, all my cattle, horses, sheep and farming implements, which may be on my said lands at the time of my death, and my will is, and I desire, that if my said wife, Ellen Gaven, should happen to get married at any time after my death the above-mentioned property, or any money or property hereafter mentioned, shall be divided share and share alike, between all or any of my children then living.  And as to the rest, residue or remainder of my property, whatsoever or wheresoever the same may be, and not hereinbefore given and disposed of, after payment of my just debts, funeral expenses and the expense of providing this, my will, I give and bequeath unto my said wife, Ellen Gaven.  And I do hereby constitute and appoint my said wife, Ellen Gaven, and my dear, brother, Thomas Gaven (at present in the United States of America), executrix and executor to this, my will.  And I also constitute and appoint my said wife and brother guardians of my dear children.  My will is, and I do desire and hereby direct, that my said wife, Ellen Gaven, shall, or will not, dispose of any of my aforementioned fee-simple and leasehold property, without the written consent to same of my brother, Thomas Gaven, so long as he survives, but, in case of his death, then I desire that my said wife shall act as to the sale of my said property as she thinks best, for the benefit of herself and my children."

1.  The clause in this will which declares that if the wife of the testator should happen to get married then the above-mentioned property or any money or property hereafter mentioned shall be divided among his children applies alike to the property previously mentioned and to that covered by the residuary clause. Unless this is so the words "or any money or property hereafter mentioned" must be disregarded.  The intention of the testator is too plain to admit of any

question.   The plaintiff acquired the property now in question under and by virtue of the residuary clause, and she holds it subject to the qualification that she remains unmarried.   She has a fee which may continue forever, still it will cease and the property pass to the children upon her marriage.   In short she has a base or qualified fee, and no more.   2 Bla. Com. 110; 4 Kent, 9.

2.   With this result the question arises whether the plaintiff has the power under the will to convey a title freed from the qualification attached to it in her hands.   The testator says:   "My will is and I do desire and hereby direct that my said wife, Ellen Gaven, shall or will not sell or dispose of any of my aforementioned fee-simple and leasehold property, without the written consent to same of my brother, Thomas Gaven, so long as he survives, but in case of his death, then I desire that my said wife shall act as to the sale of my said property as she thinks best for the benefit of herself and my children."   This sentence follows the residuary clause and applies to the devise made by that clause as well as to the property previously mentioned.   That the testator intended to confer upon his wife a power of sale is clear; and it is equally clear that this power extends to all of his leasehold and fee-simple property.   There is room for saying that it extends to all of the property devised, and that the consent of Thomas was only required in case of a sale of the fee-simple or leasehold property, but we have no occasion to discuss that question.   Thomas is dead, so that full force and effect must be given to the words "then I desire that my said wife shall act as to the sale of my said property as she thinks best, for the benefit of herself and my children."   The claim of the defendant is that these words only give her a right to sell such an estate as she possessed, but it is our opinion the claim is not well founded.

In *Brant v. Virginia Coal & Iron Co.*, 93 U. S. 327, the testator gave to his wife all of his property, real and

personal, "to have and to hold during her life, and to do with as she sees proper before her death." It was ruled that a conveyance made by the wife could pass no more than her life-estate. The rule as there and in other cases stated is that, where a power of disposal accompanies a bequest or devise of a life-estate, the power is limited to such disposition as a tenant for life can make, unless there are words clearly indicating that a larger power was intended. This statement of the rule shows that all depends upon the intention of the donor. Kent says: No formal set of words is requisite to create or reserve a power. It may be created by deed or will; and it is sufficient that the intention be clearly declared. The creation, execution and destruction of powers, all depend on the substantial intention of the parties, and they are construed equitably and liberally in furtherance of that intention. 4 Kent, 319. See also 1 Sugden on Pow. 118; *Owen v. Switzer*, 51 Mo. 328.

Now it is to be observed that the devisee in this case has more than a life-estate. She has a qualified fee. The testator in giving to the wife a power of sale had in mind the welfare of both wife and children; for he says she shall act as to the sale of his property as she thinks best for the benefit of herself and the children. He evidently designed that if she found it best to sell then she should make to the purchaser a perfect and complete title. To say that she can only convey to the purchaser a qualified fee is, in our judgment, to thwart and defeat the intention of the testator. The common-sense reading of the will is that he intended to give her the power to make as perfect and complete a title as he had. The defendant has no grounds for saying the plaintiff cannot make him a perfect title.

3. It is suggested that sections 3992 and 3993 apply only to wills proved up in one of the states of this Union, and not to a will probated in a foreign country,

but we are of a different opinion. On this petition we must assume that there has been a compliance with these sections. Until there has been a compliance with these sections, or the will proved anew in this state, it is worthless as a muniment of title to real estate located in this state. *Keith v. Keith*, 97 Mo. 224.

The judgment is reversed and the cause remanded. All concur.