## MADISON HINES et al. v. WILLIAM H. HINES et al., Appellants.

### Division Two, June 1, 1912.

1. **CONTEST OF FOREIGN WILLS:** · **Constitutional Statute: Full Faith and Credit.** Section 569, Revised Statutes 1909, providing that wills executed and admitted to probate in other States, and attempting to convey real estate in this State, may be contested in the same manner as wills executed and proven in this State, where an attempt is made to put such foreign wills in force in this State by placing a duly authenticated copy and the judgment of probate of the same upon the land records of this State, is a constitutional statute, and does not violate the full-faith-and-credit clause of the United States Constitution. Every State has full and exclusive power to determine by what methods real estate situate within its borders may be conveyed or devised.

2. ————: **Limitations.** The Statute of Limitations governing the contest of foreign wills does not begin to run until a duly authenticated copy of the will and of the judgment admitting it to probate, is recorded in the land records of Missouri where the land devised is situated.

3. ————: ————: **Governed by Laws of This State.** A suit to contest the validity of a foreign will devising lands in this State is not barred by limitations unless barred by the statutes of this State, though it may be barred by the statute of the State where made. The statutes of this State govern. Lands in this State pass directly to the heirs of deceased; and the executor, whether foreign or domestic, has no right to intermeddle with such lands until such will be probated here.

4. ————: **Judgment Annulling: Res Adjudicata.** A judgment of a circuit court of the county where the lands lie and where an authenticated copy of the will devising them and of the judgment admitting it to probate has been recorded, in a suit brought within the time prescribed by our Statute of Limitations, and resulting in an annullment of the will, if unappealed from, is final.

5. ————: ————: ————: **Parties: Grantees of Devisees.** The statute does not require the grantees of parties who have received land through the will to be made parties to the suit contesting its validity. If the devisees and legatees were made parties to the suit, the fact that their grantees were not made parties does not affect the finality of the judgment annulling the will. If there was a defect of parties in that suit, that issue

could have been raised in that action; and the rule is that all matters which could have been properly adjudicated in that action are *res adjudicata* when the same matters are sought to be relitigated in another action.

6. ————: ————: Title: Interest of Prior Grantees of Devisees. The probate of the will in the foreign State and the filing of an authenticated copy of it and of the judgment of probate, in the office of the recorder of the county in this State in which the lands lie, make out a prima facie case of title in the devisees in the will named; but the title attempted to be passed by the will does not become complete or perfect in such devisees until the time has expired for contesting the same in this State, as provided by section 569, Revised Statutes 1909; and the grantees of such devisees, who purchase prior to that time, purchase *pendente lite*, or subject to such subsequent suit as may be instituted, prior to the running of the Statute of Limitation, to annul the will; and the will being annulled by such a suit, their title, is defeated by the annullment of the will.

7. ————: ————: Complete as to all Devisees. The judgment annulling a will does not operate only as to the plaintiff in the contest suit. When a will is contested, the contest acts upon the interests of every party concerned therein, and if it is adjudged to be no will as to the one plaintiff, then it cannot be valid as to any one named in the will as devisee or legatee.

8. ————: ————: Acceptance of Bequests and Devisees Under Will: Estoppel in Partition: Advancements. Legatees and devisees who have received bequests and devises of property in this and another State given them by the foreign will are not estopped from claiming any share in Missouri land after the will has been annulled by a judgment of court, and the land by it devised has been brought into partition; but the bequests received by them as legatees or devisees should be charged to them as advancements and being so treated should be brought into hotchpot, when the Missouri lands are sold and the proceeds distributed among the heirs.

9. ————: ————: Lands and Property in Other States: Jurisdiction: Distribution. The courts of Missouri have no power to adjudicate the titles of lands in another State, nor to determine how an estate shall be administered there; but they can look beyond the boundaries of their own State to ascertain whether or not a litigant demanding property in Missouri has done anything in another State that would bar or limit his right to participation in the distribution of the Missouri property.

243 Sup.—31

10. ———: ———: **Rent During Pendency of Suit.** If rent, upon the annulment of the will, is to be charged, in the interlocutory decree in partition, against a devisee of certain lands in possession during the time the suit contesting the validity of the will was pending, it should also be charged against other devisees of other lands in their possession during that contest; and if rents are not charged against the latter, neither should they be charged against the former.

11. ———: ———: **Interest: On Advancements: On Bequests.** Interest should not be charged on advancements; and legatees who had received bequests under the will, in another State, which are adjudged to be advancements as the price of their participation in the proceeds of lands sold in this State, after an annulment of the will, should not be charged interest on those bequests.

Appeal from Caldwell Circuit Court.—*Hon. F. H. Trimble,* Judge.

REVERSED AND REMANDED (*with directions*).

*Crosby Johnson, C. C. Johnson* and *J. M. Davis & Son* for appellants.

(1) Until a will is probated it is not effective to pass title. Shaffer v. Howerton, 123 Mo. 637; Dublin v. Chadbourn, 16 Mass. 433; Bacon v. Railroad, 145 Ill. App. 502. (2) Probate in common form is as final and conclusive after the lapse of the statutory period for contest as probate in solemn form. Crippen v. Dexter, 79 Mass. 330; Wells v. Wells, 4 T. B. Monroe, 152; Duncan v. Duncan, 23 Ill. 324; Parker v. Parker, 65 Mass. (11 Cush.) 519. (3) Contest must be in courts where probated. Crippen v. Dexter, 79 Mass. 330; Tilt v. Kelsey, 207 U. S. 43; Corning's Will, 159 Mich. 474; Rachnan v. Taylor, 204 Mass. 394; Bryan v. Nash, 110 Va. 329. (4) Admission of will to probate is a special proceeding and not governed by the usual rules of pleading and practice. Wells v. Wells, 4 T. B. Monroe, 152; Clearchrings Twp. v. Blough, 88 N. E. 611. (5) Where the probate act is silent, resort may be had to the general code as to parties and practice in contest

cases. Lilly v. Tobein, 103 Mo. 477; State ex rel. v. Gui-
notte, 157 Mo. 513. (6) Answers in a contest case, averr-
ing that defendants had no sufficient information to af-
firm or deny the allegations of the petition, are equiva-
lent to a general denial. Pomeroy on Remedies, sec.
640; Bliss on Code Plead., sec. 326; Walsor v. Hawkins,
60 Mo. 560; Humphrey v. McCall, 70 Am. Dec. 626.
(7) More was required in the Sloan contest to give
the circuit court jurisdiction than merely filing a peti-
tion and getting service on defendants. Heady v.
Crouse, 203 Mo. 100. (8) The relief granted ought
not to be broader than issues tendered by the pleadings.
Powell v. Crow, 204 Mo. 481. Howard v. Brown, 197
Mo. 53. (9) The defendants to the contest suit were
adversaries of Mrs. Sloan, but not of each other.
Badeau v. Logan, 2 Paige, 209; Glasner v. Weusberg,
43 Mo. App. 244; Roselle v. Bank, 119 Mo. 84. (10)
A decree is only conclusive on adversary parties. Mc-
Mahon v. Geiger, 73 Mo. 145; Fiene v. Kirchoff, 176
Mo. 576; Freeman on Judgments (1 Ed.), sec. 178.
(11) As neither the bank nor Johnson was made
parties to the contest proceeding, the decree in the
Sloan case did not affect their rights under the deed
of trust. Pease v. Iron Co., 49 Mo. 124; Eddie v.
Parks, 31 Mo. 477; McCarthy v. Scott, 113 U. S. 340;
Rice v. Hoskins, 105 Mich. 303; Short v. Galway, 83
Ky. 501. (12) In Missouri a will contest is in the
nature of an appeal from the decision of the probate
court. Hughes v. Burriss, 85 Mo. 660; Schiff v. Peters,
111 Mo. App. 447; Benoist v. Marvin, 48 Mo. 48. (13)
A proceeding to establish a will is a proceeding in rem.
Jourdan v. Meyer, 31 Mo. 40; 23 Am. & Eng. Ency.
Law (2 Ed.), 112, 116, 134, 143; Freeman on Judg.,
sec. 606; Wells v. Wells, 5 Litt. 273; State v. McGlynn,
20 Cal. 228. (14) A contest can only be inaugurated
by filing a petition in the circuit court. Kenrick v.
Cole, 46 Mo. 83; Stevens v. Larwill, 110 Mo. App. 140;
Stowe v. Stowe, 140 Mo. 594; Stevens v. Oliver, 200

Mo. 492; Banks v. Banks, 65 Mo. 432. (15) A foreign probated will cannot be contested until recorded in the probate court; otherwise it would not be in the nature of an appeal. R. S. 1909, secs. 1788, 4630; Cabanne v. Skinker, 56 Mo. 357. (16) The judgment of a probate court of any State admitting a will to probate is conclusive until reversed. Hilton v. Guyot, 159 U. S. 166; Rorer on Interstate Law, 4, 194, 264; Swearingen v. Morris, 14 Ohio St. 424; Despard v. Churchill, 53 N. Y. 192. (17) Where the courts of his domicile have declared a testator sane and not unduly influenced, the findings of the court are conclusive on those points, and the courts where his real estate is located cannot, under pretext of ascertaining whether it conforms to the laws of the latter state, relitigate these issues. Crippen v. Dexter, 79 Mass. 330; State v. Court, 34 Mont. 96; Rorer on Interstate Law, 266. (18) Probating a will is a judicial act. Keith v. Keith, 80 Mo. 125; Bright v. White, 8 Mo. 421. (19) A duly authenticated copy of a foreign probate is under the protection of the Constitution and laws of the United States. Bright v. White, supra; Drake v. Curtis, 88 Mo. 644; Ives v. Salisbury, 56 Vt. 565; Willet's Appeal, 50 Conn. 330; Jones v. Williams, 31 Ark. 92; Woerner's Am. Law of Adm., sec. 226, p. 496. (20) Where a will is proven in a sister state, in conformity with our laws, the judgment is final and conclusive. Stevens v. Oliver, 200 Mo. 492; Cohen v. Herbert, 205 Mo. 537; Woerner's Law of Adm., sec. 226, pp. 493-496; Long v. Patten, 154 U. S. 573; Tilt v. Kelsey, 207 U. S. 43; Little v. Herndon, 10 Wall. 26; Rorer on Interstate Law, 264; Estate of Clark, 148 Cal. 108. (22) A will conforming to our law, probated in a sister state, passes title to Missouri land, without being probated or recorded here. Lewis v. St. Louis, 69 Mo. 592; Halle v. Hill, 13 Mo. 613; Keith v. Keith, 80 Mo. 123, 97 Mo. 228; Bright v. White, 8 Mo. 421. (23) After

title had passed to the devisees, declaring the will void would not divest that title from the devisees. Lambird v. Blumenthal, 26 Mo. 471; 2 Daniels' Chancery Pl. & Prac. 1082. (24) Devolution of title by operation of law never confers a joint title. 1 Wash. on Real Property (3 Ed.), 554; 2 Black. Com. 181. (25) One heir can maintain ejectment for his several shares. McCracken v. McCraken, 67 Mo. 590; Breidenstein v. Bertram, 198 Mo. 328; Baker v. Henderson, 156 Mo. 366. (26) Our probate courts have no jurisdiction to adjudicate on land titles. Shields v. Ashley, 16 Mo. 471. (27) Secs. 3135, 4636 are in conflict. Hence the older is repealed or modified by the later statute. Rorer on Interstate Law, 264. (28) As the devisees have been in possession for more than three years, claiming exclusive title, suit for partition will not lie. Colvin v. Huenstein, 110 Mo. 575; Hutson v. Hutson, 139 Mo. 227; Whitaker v. Whitaker, 157 Mo. 353; 31 Am. & Eng. Ency. Law (2 Ed.), 1147; 146 Mo. 283; 157 Mo. 402, 421; 130 Mo. 639. (29) Right of contest is a several and separate right accrued to each individual heir. Samson v. Samson, 64 Cal. 327; Exp. Povall, 3 Leigh, 316; Gornto v. Bonney, 7 Leigh, 234; Spencer v. Spencer, 79 Pac. (Mont.) 320; Ellis v. Crawson, 41 So. (Ala.) 942; Palmer v. Bradley, 154 Fed. 311; Morgan v. Adams, 211 U. S. 627; Hays v. Bowden, 49 So. 122. (30) After a will has been probated it resembles a fraudulent conveyance, and is good as against all the world, except one who successfully attacks it. Jacobs v. Smith, 89 Mo. 673; Whitaker v. Whitaker, 157 Mo. 353. (31) Where the statute regulating probate fixes a limit in time the contestors must bring themselves within its provisions for in such case the limitation destroys the right. 18 Am. & Eng. Ency. Law (2 Ed.), 146; Regabauer v. Railroad, 92 Minn. 620; Farrell v. O'Brien, 199 U. S. 89; Ellis v. Davis, 109 U. S. 485; Railroad v. Hine, 25 Oh. St. 629; Ford

v. Clark, 3 Fed. 849. (32) The limitation makes it a statute of repose. Curtis v. Felard, 17 Mo. 383; Nelson v. Broadhack, 44 Mo. 490; Morgan v. Railroad, 51 Mo. App. 523. (33) Plaintiffs' cause of action being fully barred by the limitation in the Arkansas statute is equally barred here. R. S. 1899, sec. 4280; Barkley v. Tootle, 163 Mo. 594; St. Louis v. Jackson, 128 Mo. 119; Groves v. Watts, 206 Mo. 373. (34) There being no attempt at contest, either in Arkansas or Missouri, for more than three years after the will was probated there, all grounds for contest were foreclosed. Jaicks v. Sullivan 128 Mo. 577; Smith v. Carroll, 41 Mo. App. 460; Sands' Estate, 116 N. Y. Supp. 426; 19 Am. & Eng. Ency. Law (2 Ed.), 146. (35) Sec. 4280, R. S. 1899, was adopted after section 4636 and repeals the latter insofar as they are repugnant. State ex rel. v. Walbridge, 119 Mo. 383; Evans v. McFarland, 186 Mo. 703; Negabauer v. Railroad, 92 Minn. 620. (36) Devisees are not chargeable with rent of the premises. Smith v. Harrison, 131 Mo. 485; Lilley v. Menke, 126 Mo. 140; Holloway v. Holloway, 97 Mo. 623; Beck v. Kallmeyer, 42 Mo. App. 563; 21 Am. & Eng. Ency. Law, 1171. (37) Legatees and devisees, after accepting the bequest, are estopped from contesting the will. Woerner's Law of Admr., sec. 227, p. 500; Stone v. Cook, 179 Mo. 534; Stoppler v. Sillerberg, 220 Mo. 258; Cochran v. Thomas, 134 Mo. 258; 18 Am. & Eng. Ency. Law, 746; 11 Id. 446; In re Cummings, 153 Pa. St. 397. (38) Courts of one state will not try to reform judgments of sister states. Hassall v. Hamilton, 33 Ala. 280; Milne v. Van Buskirk, 9 Iowa, 558; Bigelow on Estoppel (1 Ed.), 218; Destrehan v. Scudder, 11 Mo. 484. (39) State laws seeking to limit or restrain the credit or effect of judgments of sister state courts are unconstitutional. Story on Constitution, sec. 183; Bigelow on Estoppel, 204; Christmas v. Russell, 5 Wall. 290.

*John A. Cross* and *Pross T. Cross* for respondents.

(1)   The judgment against the will in the former suit is final, and, even though erroneous, it cannot be the subject of collateral attack.   The question of the validity or invalidity of that will, was finally and forever settled and determined by the judgment rendered in the suit brought by Emma Sloan to annul said will.   In that will contest, the circuit court of Caldwell county had jurisdiction of the subject-matter (the lands being situate in that county), and of all the parties.   And, with the exception of defendant bank, all the appellants in this present suit were defendants in that former suit, and their answers therein, show that they made precisely the same defense in behalf of the will in that case, that they now make in its behalf in this suit.   In the former suit appellants set up as a defense the probate of the will in Arkansas, the running of the Statute of Limitations in that State, and the "due-faith-and-credit" clause of the Federal Constitution.   On all these points the judgment of the Caldwell Circuit Court was against appellants, and against the will.   Appellants then appealed from that judgment to the Supreme Court, but this court, in passing on that appeal, affirmed the judgment below, setting aside the will.   Thus it is seen that as to the validity of the Higgins will, appellants had their day in court, and contested the proceedings upon the merits, and suffered defeat.   Appellants are bound by the decision of the court; not only on all issues raised, but also on all issues that might properly have been raised.   The matter is *res judicata.*   Turnverein v. Hagerman, 232 Mo. 693; Cohen v. Herbert, 205 Mo. 537; Tie Co. v. Pulliam, 139 S. W. 148; Smith v. Kiene, 231 Mo. 233; Johnson v. Stebbins, 167 Mo. 325; Emmert v. Aldrich, 231 Mo. 128; Spratt v. Early, 199 Mo. 500; Cox v. Boyce, 152 Mo. 576; Donnell v. Wright, 147 Mo. 647; Hope v. Blair, 105 Mo. 85; Rosenheim v.

Hartsock, 90 Mo. 357; Grey v. Bowles, 74 Mo. 419; Hotel v. Parker, 58 Mo. 329; Castleman v. Relfe, 50 Mo. 588; Miller v. Benneker, 46 Mo. 194; Lewis v. Morrow, 89 Mo. 179; Sec. 556, R. S. 1909. (2) The court in the will contest action, had jurisdiction of the parties and the subject-matter. In the suit brought by Emma Sloan in the circuit court of Caldwell county, to annul the will of Mrs. Higgins, all heirs and persons interested were made parties and properly served with process, and therefore the court had jurisdiction over the parties to the action. The will which the former suit sought to annul and make void, devised and gave to appellants the lands in Caldwell county, for which partition is asked. At the time of her death Mrs. Higgins was a resident of Carroll county, Arkansas, and her will was duly probated in the county and State of her death and residence, and a properly authenticated copy of the will and probate thereof had been filed in the recorder's office of Caldwell county prior to the bringing of the contest case by Emma Sloan, an heir of Mrs. Higgins. The subject matter of that action was to determine the validity of a foreign will purporting to pass title to lands located in Caldwell county, the county in which the action was brought. The court in that action clearly had jurisdiction of the subject-matter. Sec. 569, R. S. 1909; Hope v. Blair, 105 Mo. 85; Cohen v. Herbert, 205 Mo. 556. It is only by grace of the statutes of this State, Secs. 567, 568 and 569, R. S. 1909, that a non-resident of Missouri can pass title to lands in this State since each state has sole control over the lands within its borders. The same legislative power that saw fit to extend to the non-resident owner of lands in this State, the privilege of devising such lands by will, also saw fit to reserve to the courts of this State, full power, jurisdiction and control in the matters of contests involving the validity of any such foreign will, as it affected lands in this State. (3) The courts of this State

possess full power to pass upon the validity of a foreign will which affects title to Missouri lands, even though a final judgment of a sister State declares the will valid. The "due-faith-and-credit" clause of the Federal Constitution does not apply to questions affecting title to lands in another State. The law of the State where the land is located governs and controls in all matters pertaining to the transfer of title, whether by deed, last will or otherwise. And this is true not only in matters of forms to be observed in executing the will, but as to the capacity or incapacity of the testator to make a will. Sec. 569, R. S. 1909; Cohen v. Herbert, 205 Mo. 537; Keith v. Keith, 97 Mo. 228; Storage Co. v. Windsor, 148 Ind. 682; Lura v. Tucker, 17 Ind. 41; Schouler on Wills, sec. 491; Kerr v. Moon, 9 Wheat. 565; United States v. Crouch, 7 Cranch, 115; Clark v. Graham, 6 Wheat. 577; McMoon v. Scales, 9 Wall. 23; Devaughn v. Hutchison, 165 U. S. 566; Clark v. Clark, 178 U. S. 186. (4) The fact that the will was not filed in the probate court, was a defense available to appellants in the contest case, and cannot be considered in this case. Whatever issues might have been settled in the former suit, had they been brought forward, but were not, are as conclusively settled as were those specifically put in issue. Spratt v. Early, 199 Mo. 502; Johnson v. Realty Co., 167 Mo. 325; Hotel v. Parker, 58 Mo. 329. (5) The Higgins will was subject to contest in the Missouri court, even though a copy was not filed in the probate court. Cohen v. Herbert, 205 Mo. 556; Rodney v. Landan, 104 Mo. 260; Rodney v. McLaughlin, 97 Mo. 426. (6) The will cannot be void as to one heir and at the same time valid as to another heir. When the paper writing was declared not to be the will of Mrs. Higgins, at the suit of one heir, it ceased to be a will at all, and was as if it had never been executed. King v. Gilson, 191 Mo. 333; Wood v. Carpenter, 166 Mo. 485; Curry v. Bratney, 29 Ind. 195; Bradford v. Andrews, 20 Oh. St. 208;

Powell v. Koehler, 52 Oh. St. 108; Estate of Freud, 73 Cal. 555. (7) Accepting a gift under will in Arkansas works no estoppel. (8) The evidence shows conclusively that none of the defendants were in possession of any of the lands when this action was brought. (9) Defendants' bank and Johnson were not necessary parties in contest suit. Having taken a deed of trust on the land after the recording of the will in the office of the recorder of deeds of Caldwell county, but before the contest suit was instituted, they must be held to have taken said deed of trust subject to the result of any contest that might legally be instituted within the five year period of limitation. And the will being set aside in that contest, then the only lien the bank has by virtue of its deed of trust, is on the interest which the grantor, T. W. Hines, has in the lands deeded, as an heir of Mrs. Higgins. Neither the defendant bank or Johnson was a necessary party in the contest suit. Anthoney v. Rice, 110 Mo. 223; Hughs v. Burris, 85 Mo. 660; Borland on Law of Wills, p. 128. (10) It was proper to charge defendant T. W. Hines with rents received. Doerner v. Doerner, 161 Mo. 407; Snell v. Harrison, 131 Mo. 495; Gunn v. Thurston, 130 Mo. 339; Lilly v. Menke, 126 Mo. 190; Holloway v. Holloway, 97 Mo. 628.

BROWN, J.—Action for partition of real estate in Caldwell county, Missouri. From an interlocutory judgment of the circuit court of that county determining the interests of the parties and ordering the real estate sold, the defendants Thomas Wesley Hines, William H. Hines, Lilian Hines and Hamilton Savings Bank appeal.

The plaintiffs and defendants are the collateral heirs of one Matilda A. Higgins, who died in the State of Arkansas on February 13, 1899, seized and possessed of about 840 acres of land in Caldwell county,

Missouri; also real and personal property in Carroll county, Arkansas.

The petition sets out the interest of each of the parties to the action. Some of the defendants answered, admitting the allegations of the petition, and consenting that partition be made as prayed.

Defendant Thomas Wesley Hines filed a separate answer, claiming sole ownership of 320 acres of the Missouri land, hereinafter designated as the Kidder farm, through a will executed by Matilda A. Higgins, and admitted to probate in the State of Arkansas. Defendants William H. Hines and Lilian Hines also filed separate answers, claiming to be sole owners of about 500 acres of land in Missouri, devised by said will of Matilda A. Higgins, and known as the Shoal Creek farm.

Said separate answers contain a copy of the will of Matilda A. Higgins, and allege that a copy of said will, together with a judgment of the probate court of Carroll county, Arkansas, admitting the same to probate, duly authenticated, was filed with the recorder of deeds of Caldwell county, Missouri, on May 2, 1902.

Said separate answers admit that Emma Sloan, one of the plaintiffs in this action, instituted a suit in the circuit court of Caldwell county, in the year 1902, to contest the aforesaid will of Matilda A. Higgins; that a final judgment was entered in said action, annulling said will on account of the lack of testamentary capacity of the deceased. Said separate answers, however, allege that the judgment of the circuit court of Caldwell county, annulling the will of Matilda A. Higgins, is void because:

(1) The action to contest the will was barred, because not instituted within three years after the will was probated, as required by the laws of the State of Arkansas.

(2) That the circuit court of Caldwell county, Missouri, possessed no jurisdiction to hear and determine an action to contest a will duly probated in another state;

(3) That some of the plaintiffs and defendants (hereinafter named) have accepted bequests under the terms of said will, and are therefore estopped from denying its validity;

(4) That all of the persons interested as devisees and legatees under the will of Matilda A. Higgins, were not made parties to the said contest; and

(5) That as Emma Sloan was the sole plaintiff in the will.contest, the judgment in that case, if valid, could only operate to set aside the will as to her, and not as to the other heirs of Matilda A. Higgins.

The defendants Hamilton Bank and Crosby Johnson in a separate answer, allege that after the authenticated copy of the will of Matilda A. Higgins was filed in the office of the recorder of deeds in Caldwell county, Missouri, and before any suit was begun to contest the same, the defendant Thomas Wesley Hines borrowed from said bank the sum of $2500, and executed to Crosby Johnson, as trustee, a deed of trust upon the Kidder farm (sought to be partitioned), to secure said loan; that said loan has not been paid, and that said bank and its trustee, Crosby Johnson, were not made parties to the aforesaid suit of Emma Sloan to contest the will of Matilda A. Higgins; therefore, their interests are not bound by the judgment in said action.

Plaintiffs' reply alleges that all of the defendants except the Hamilton Bank and Crosby Johnson, trustee of said bank, were made parties to said will contest; that said bank and Crosby Johnson were not necessary parties to said action; that said will of Matilda A. Higgins was set aside and annulled at the July term, 1903, of the circuit court of Caldwell county; that all bequests under said will of Matilda A. Higgins which have been

received by any of the parties to this action, were derived from personal property of Matilda A. Higgins in the State of Arkansas; and that the acceptance of such bequests does not estop any of the parties to this action from claiming the real estate of deceased situated in Missouri.

It is conceded by the pleadings that the action of Emma Sloan under which the will of Matilda A. Higgins was contested, and annulled, was appealed to the Supreme Court, and that the judgment of the trial court was affirmed for the failure of appellants in said action to prosecute said appeal in accordance with the rules of this court. Such evidence as is necessary to a full understanding of the case will be recited in our opinion.

## OPINION.

The first point we must consider is the legal effect of the suit of plaintiff Emma Sloan under which the will of Matilda A. Higgins was annulled.

Did the circuit court of Caldwell county, Missouri, have jurisdiction of the subject-matter of that action, and did it acquire jurisdiction of the parties?

The issues joined involve a construction of section 569, Revised Statutes 1909, authorizing the contest of wills admitted to probate in other States in the same manner as wills executed and proven in this State.

Does this section, as defendants contend, conflict with section 1, article 4, of our Federal Constitution, prescribing that full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State? We do not understand that this section of the Federal Constitution is of universal application.

While the decisions of this court show we have given full faith and credit to judgments rendered in other States where such judgments were rendered by

courts having jurisdiction of the subject-matter and of the parties whose interests were adjudicated (Gould v. Crow, 57 Mo. 200; Anthony v. Rice, 110 Mo. 223), we think our General Assembly was acting within its proper sphere when it enacted section 569, *supra,* which provides that wills executed and proven in other States, attempting to convey land in this State, may be contested in the courts of this State when an attempt is made to put such wills in force here by placing them on the land records of our State.

This must necessarily be true, for the reason that every State has full and exclusive power to determine by what methods real estate situated within its borders shall be conveyed or devised, and how the same shall pass by inheritance. [Schulenberg v. Campbell, 14 Mo. 491; Richardson v. De Giverville, 107 Mo. 422; Gaven v. Allen, 100 Mo. 293; Keith v. Keith, 97 Mo. 223; Lucas v. Tucker, 17 Ind. 41; Hughes v. Hughes, 14 La. Ann. 85; Sevier v. Douglas, 44 La. Ann. 605; White v. Howard, 52 Barb. (N. Y.) 294; Kessler v. Kessler, 3 Pa. Co. Ct. 522; Story on Conflict of Laws (8 Ed.), Secs. 424 and 474; 2 Wharton on the Conflict of Laws (3 Ed.), par. 285-7.]

"The general doctrine is in accord with the principle which has become established in all civilized countries that real property is regulated in its descent, as in its tenure and transfer, by the *lex loci rei sitae.*" [14 Cyc. 21 b.]

We also hold that the Statute of Limitations governing the contesting of foreign wills does not begin to run until a duly authenticated copy of such foreign will, together with the probate thereof, is recorded in the land records of Missouri, where the land devised is situated. This, for the obvious reason that neither such foreign will nor the probate thereof in another State would be constructive notice to any citizen of Missouri, until such copy is filed here. [Keith v. Keith, 97 Mo. 223.] It is also obvious that the Mis-

souri Statute of Limitations as to the contest of wills governs in suits for the contest of foreign wills. We arrive at this conclusion from the well known principle of law that lands in this State pass directly to the heirs of the deceased; and the executor, whether foreign or domestic, has no right to intermeddle with such lands until such will be probated. [Cabanne v. Skinker, 56 Mo. 357; McPike v. McPike, 111 Mo. 216; Emmons v. Gordon, 140 Mo. 498; Sec. 139, R. S. 1909.]

We hold that the judgment of the circuit court of Caldwell county annulling the will of Matilda A. Higgins, is final, and the validity of such will cannot be relitigated in this action.

It would produce an intolerable condition of affairs if parties were permitted to litigate and relitigate the same facts in different actions. To suffer such a thing to be done would be to make of the courts instruments of oppression; and "the law's delay," considered both in ancient and modern times as one of the most aggravating evils which mankind is forced to endure, would then become utterly unbearable.

If there was a defect of parties in the will contest, that issue could have been raised in that action; but it was not. The true rule is that all matters which could have been properly adjudicated in that action, are *res adjudicata* when the same matter is sought to be relitigated in another action. [Western Tie and Timber Co. v. Pulliam, 237 Mo. 1; Smith v. Kiene, 231 Mo. 215, l. c. 233; Johnson v. Stebbins-Thompson Realty Co., 167 Mo. 325; Emmert v. Aldridge, 231 Mo. l. c. 128; Spratt v. Early, 199 Mo. l. c. 500; Miller v. Berneker, 46 Mo. 194.]

We find that the Hamilton Bank and Crosby Johnson are bound by the judgment of the circuit court in the will contest. The statute does not require the grantees of parties who have received land through a will to be made parties to a contest of such will.

The probate of the will of Matilda A. Higgins in the State of Arkansas and the filing of an authenticated copy of said will, and the probate thereof with the recorder of deeds of Caldwell county, Missouri, made out a prima facie case of title in Thomas Wesley Hines, William H. Hines and Lilian Hines, as devisees in said will; but the title attempted to be passed by said will could not become complete or perfected in said devisees until the time had expired for contesting the same, as provided by section 569, Revised Statutes 1909.

Consequently, the Hamilton Bank and Crosby Johnson in taking the deed of trust from Thomas Wesley Hines, purchased *pendente lite,* or subject to such subseqent litigation as might be instituted affecting the validity of the will; and their title, except so much thereof as is decreed to said Thomas Wesley Hines in this action, was defeated by the annullment of the will. The doctrine herein announced finds support in the case of Hughes v. Burriss, 85 Mo. 660, and Borland's Law of Wills and Administration, p. 128.

The contention of defendant Thomas Wesley Hines, that as no one except Emma Sloan was a plaintiff in the will contest, the judgment in that case only operates to annul the will as to her, leaving it in full force as to the other plaintiffs and defendants in this action, is wholly untenable. When a will is contested, the contest acts upon the interests of every party concerned therein, and if it is adjudged to be no will as to the plaintiff, then it cannot be valid as to anyone named in the will as devisee or legatee. [Wood v. Carpenter, 166 Mo. 485; King v. Gilson, 191 Mo. 333; Brown v. Anderson, 13 Ga. 171; Tibbatts v. Berry, 49 Ky. 473.]

The record in this case shows that Matilda A. Higgins by her will, devised to defendant Thomas Wesley Hines 320 acres of land in Caldwell county, Missouri, known as the Kidder farm. The said defendant received no further bequest or devise from said Matilda

A. Higgins; and that he entered into possession of the said Kidder farm through a tenant, and collected the rents, aggregating $3071.40, and after expending $686.58 for taxes, improvements and insurance, his net income from said property was $2384.82. This was before the will was annulled. In 1902 when the action to contest the will was instituted, an administrator *pendente lite* was appointed in Missouri, who took possession of said Kidder farm, and has held same ever since. Said Thomas' Wesley Hines was appointed administrator of the estate of Matilda Higgins by the probate court of Carroll county, Arkansas, and has undertaken to carry out the provisions of her will. He has collected and disbursed, pursuant to the provisions of the will, most of the estate in Arkansas.

It appears from the evidence that two of the plaintiffs, to-wit, Madison Hines and Thomas W. Hines, and three of the defendants, to-wit, William H. Hines, Susan McCormick and Lilian Hines, have accepted of defendant Thomas Wesley Hines, administrator as aforesaid, bequests or devises of property made to them by the will. Defendant Thomas Wesley Hines pleads and contends that the five last named heirs of Matilda Higgins, having accepted property under the will, are wholly estopped from claiming any share of the Missouri land.

The estoppel pleaded against these five parties on account of the receipt by them of the bequests and devises of property under the will, raises a very difficult issue and one on which the briefs in the case give us no light; nor have we been able to find a parallel case in American jurisprudence.

It is a well settled doctrine that after accepting benefits or bequests under a will an heir cannot be allowed to contest same. [Stone v. Cook, 179 Mo. 534.] But we have seen that when a will is set aside at the

suit of one heir it is set aside as to all. Then what should be done with those heirs who have (as in this case), received bequests and devises of property under the will? Shall they be allowed to retain the bequests so received and yet claim a share of the real estate of deceased to the same extent as though said bequests had not been received? We hold they should not. The defendant Thomas Wesley Hines did not, under the will, receive any of the property of Matilda A. Higgins in Arkansas, and those heirs who accepted bequests made under the will have assisted in using up the estate of said deceased in Arkansas. Now they come into this partition suit and ask to be awarded the same shares of the real estate of Matilda A. Higgins in Missouri as if they had received no bequests.

The interlocutory order of the circuit court of Caldwell county awards them the same shares in the Kidder and Shoal Creek farms in Missouri as though they had not accepted bequests under the will. This is a plain injustice to those defendants to whom property was devised in Missouri. The will, while invalid, was sufficient to enable some of the parties to receive under its provisions bequests and devises of considerable value; and they should not be allowed to share in the partition of the Missouri real estate to the same extent as if they had not accepted said bequests and devises.

While the courts of Missouri have no power to adjudicate the titles of real estate in Arkansas, nor to determine how an estate shall be administered in that commonwealth, they can undoubtedly look beyond the State line to ascertain whether or not a litigant demanding property located in Missouri has done anything in another State which would bar or limit his right to recover the Missouri property. [Mort v. Jones, 105 Va. 668.]

The interlocutory judgment holds that defendant Thomas Wesley Hines is liable for $2384.32 for rents

received by him from the Kidder farm in Missouri,
which Matilda A. Higgins attempted to devise to him,
and which farm he held until the institution of the will
contest; but in said interlocutory judgment, no rent is
charged against defendants William H. Hines and
Lilian Hines who, according to the evidence, were for
several years in possession of the Shoal Creek farm
in Missouri under said will of Matilda A. Higgins.
No reason is apparent why defendant Thomas Wesley
Hines should be charged with rent while no such
charge was made against William H. Hines and Lilian
Hines, who stand in the same position as he, so far as
having enjoyed the use of some of the Missouri land
prior to the institution of the will contest. In this
respect, the judgment appealed from is erroneous.

After carefully considering the unusual situation
which has arisen in this case through the annullment
of the will of Matilda A. Higgins and the receipt, by
five of the parties to this action, of bequests and de-
vises under said will, we hold that said last named five
parties are not wholly estopped from claiming a share
in the Missouri lands. However, the ends of justice de-
mand that after the Missouri lands shall have been
sold for the purpose of distributing the proceeds there-
of, those heirs who have received real estate in Ar-
kansas or personal property under the provisions of
the will, shall be charged with the respective bequests
and devises so received as though said bequests and
devises were advances made to them by Matilda A.
Higgins during her lifetime; and being treated as ad-
vances, they should be brought into hotchpot.

The following named parties to this action have
accepted bequests and devises in manner and form
following:

Defendant Susan McCormick has accepted real
estate in Arkansas, of the value of $3000;

Plaintiff Madison Hines has accepted $500 in
cash;

Plaintiff Thomas W. Hines has accepted $75 in cash;

Defendants William H. Hines and Lilian Hines (children of Marion O. Hines) have jointly received $4065.23 in personal property and 528 acres of land in Arkansas, the value of which last mentioned land is not proven.

None of the last five named parties have been charged with interest on bequests or divises received by them, and as we have decided to treat those bequests and devises as advancements, no interest should be charged thereon. [Nelson v. Wyan, 21 Mo. 347.] Owing to the fact that none of the other parties who have received and held property under the will of Matilda A. Higgins have been charged with rents or interest, we find it would be inequitable to charge defendant Thomas Wesley Hines with rent on the real estate in Missouri which he received and held until the will contest was instituted.

To consummate justice between the parties to this action, under the peculiar facts disclosed by this record, we will reverse the judgment of the circuit court and direct it to enter a new interlocutory judgment and order of sale, which shall determine the interests of the several parties the same as they are recited in plaintiff's petition, except that the item of $2384.32 of rent charged against the interest of defendant Thomas Wesley Hines shall be eliminated, and no rent should be charged against Wm. H. Hines and Lilian Hines. [Sec. 2394, R. S. 1909.]

Before making any distribution of the proceeds which will arise from the sale of the Missouri lands, the court will add to the net proceeds of such sale the moneys and the value of the several properties received by the five heirs who have accepted and retained property under the will; and for that purpose, shall hear evidence as to the value of the 528 acres

of land in Arkansas devised to defendants William H. Hines and Lilian Hines.

For the purpose of directing how the proceeds of the Missouri land shall be disbursed, we will make an estimate of the value of the estate to be taken into consideration in making the order of distribution.

Estimated proceeds of Missouri land ....$20,000

Estimated value of bequests and devises re-
    ceived by plaintiffs Thomas W. Hines,
    and Madison Hines, and defendants
    Susan McCormick, William H. Hines and
    Lilian Hines ........................ 10.000
    (For convenience, this $10,000 item will
    hereafter be referred to as the Arkansas
    Fund.)

Total estimated value of estate ..........$30,000

It will be necessary to take into consideration the "Arkansas Fund" in determining what shares shall be paid to those heirs who have received property under the will. This should be done in the following manner:

Plaintiff Thomas W. Hines being entitled, as an heir, to a forty-second share of this estimated estate of $30,000, should (if there had been no will) receive $714.28; and as two-thirds of this estimated estate was located in Missouri and the remaining third was either located in Arkansas or collected by the Arkansas administrator there should be distributed to said Thomas W. Hines two-thirds of his share, or $476.18, from the proceeds of the Missouri real estate; and the remaining third of his share ($238.09) he should have received from the "Arkansas Fund"; but as he received only $75, or less than his share thereof, his share as an heir in the proceeds of the Missouri real estate should not be diminished by the receipt of the $75 bequest; and he should therefore be awarded $476.18 out of the estimated proceeds of the Missouri land.

Plaintiff Madison Hines having a sixth interest in the (estimated) estate of $30,000, is entitled to $5000; and two-thirds of that sum ($3333.33) should be his share of the proceeds of the Missouri real estate; and the remaining third or $1666.67, should be charged up to the "Arkansas Fund"; and his receipt of $500 from the administrator in Arkansas should not be held to diminish his claim as heir to the Missouri real estate.

Defendant Susan McCormick having a one-twelfth interest in this (estimated) estate of $30,000, is entitled to $2500; but as she has already received bequests and devises in Arkansas of the aggregate value of $3000 under the will which is more than her share of the entire estate, she should not be awarded any part of the proceeds of the Missouri real estate.

The defendants William H. Hines and Lilian Hines being entitled jointly as heirs to two-eighty-fourths of this (estimated) $30,000 estate, to-wit, $714.28, and said last named parties having received property of the estimated value of $6425 under the will, which is more than two-eighty-fourths of the entire estate, should not be awarded any part of the proceeds of the Missouri real estate.

What we have said should not be interpreted as giving to the heirs who have accepted under the will the right to maintain claims against each other. We have no jurisdiction of such an issue.

When the claims of the heirs who have accepted under the will, to shares in the proceeds of the Missouri land, shall have been determined in the manner we have herein directed, then the remainder of such proceeds shall be distributed to the remainder of the parties to this action, according to their respective interests, as stated in plaintiff's petition, except, of course that the shares which would have been due Susan McCormick, William H. Hines and Lillian Hines if they had not received under the will, shall be dis-

tributed pro rata among the other parties to this action.

We have made these observations in order to devise a correct and equitable plan for dealing with those heirs who have already received part of the estate under the will, but our figures of course are not precise, by reason of the fact that the value of the property distributed under the will to five of the heirs and the net proceeds of the Missouri land are only estimated; but we have given the rule which must govern the trial court in making its order of distribution after the lands have been sold (whatever the amount realized therefrom). The costs of this appeal, including any attorney's fee which may be allowed to plaintiffs' attorney for defending the appeal, shall be taxed solely against the respondents. It is so ordered. *Ferriss, P. J.,* and *Kennish, J.,* concur.