[No. 9,457.   Department Two. —July 18, 1884.]

# THE PEOPLE, RESPONDENT, v. JOHN MULLAN, DEFENDANT.

JUDGMENT — COLLATERAL AND DIRECT ATTACK. — A motion to set aside a judgment in the court in which it was rendered is a direct and not a collateral attack.

SUMMONS — SERVICE BY PUBLICATION — JURISDICTION. — The publication of a summons made without an affidavit and order of court authorizing it, does not confer jurisdiction of the person of the defendant, and a default judgment based upon such service is void.

ID. — RIGHT OF THIRD PARTY TO HAVE A VOID JUDGMENT VACATED. — The action was brought against the defendant Mullan to annul a certificate of purchase of State school lands, and judgment was rendered in favor of the plaintiff, and the certificate declared void. After the rendition of the judgment, the Cucamonga Company acquired by purchase all the right, title, and interest of Mullan in the certificate of purchase, and after giving the plaintiff notice, moved the court to set aside the judgment rendered against Mullan, on the ground that it was void, the court having never obtained jurisdiction of the defendant Mullan. The Cucamonga Company was not a party to the action. Held, that it was error to deny the motion.

APPEAL from an order of the Superior Court of San Bernardino County refusing to set aside a judgment.

The facts are stated in the head-note and the opinion of the court.

Satterwhite & Curtis, and J. & J. C. Lynch, for Appellant.

R. E. Bledsoe, and C. W. C. Rowell, for Respondent.

THORNTON, J — The motion to set aside the judgment is a direct and not collateral attack.

The moving party offered to show that there was no service of summons on Mullan. The service purported to be by publication, and the specific offer was to show that no affidavit for publication of summons was ever made, and that there was no order made authorizing such publication. On objection by plaintiff the offer was rejected, and an exception was reserved.

The judgment, if rendered as offered to be shown, was void. If Mullan was the mover, such ruling would undoubtedly be error. He would be entitled to show that the judgment was entered without authority of law. The motion is made by the Cucamonga Company, a corporation to which the land involved in the action had been conveyed, and a certificate of purchase

therefor assigned by Mullan on the 20th of October, 1881. This was after the judgment attacked had been entered, which was on the 4th day of January, 1881.

But we regard the corporation as in legal effect the assignee and legal representative of Mullan, and standing in his shoes. We think the motion was well made. (Code Civ. Proc. § 473; *U. S.* v. *Patterson*, 15 How. 12.) The company could have moved in the name of Mullan, and it has substantially done this. We should be sacrificing form to substance, to hold otherwise. The same remarks apply to the appeal.

The court below erred in its ruling. The order is therefore reversed and the cause remanded, to be proceeded with according to what is here said.

SHARPSTEIN, J., and MYRICK, J., concurred.