Searls, C. J.
This is an action .to foreclose the of defendants, obtained by virtue of a certificate of purchase for the north half of section 28, township 9 north, range 32 west, San Bernardino meridian, county of Santa Barbara.
Judgment was rendered in favor of plaintiff. The appeal is from an order made August 17, 1886, refusing to set aside the judgment.
*401 The complaint in the cause is entitled “ People of the State of California v. W. E. Greene, John Doe, Richard Roe et al.”
It proceeds to aver that the defendant (without naming him) located the north half of section 28, township 9 north, range 32 west, San Bernardino meridian, county of Santa Barbara, on the fifteenth day of October, 1868; that on the sixteenth day of November,1868, the said defendant purchased said lands, and received a certificate of purchase therefor, known and numbered as- certificate No. 1191.
The complaint further shows that on the first day of January, 1872, there was due plaintiff, as interest on said certificate of purchase, the sum of ninety six dollars, and avers a publication of the delinquent list with notice, etc., as provided by statute.
There is no averment of ownership of this certificate except as above stated, and no allegation that the owner is unknown.
A summons issued to “ W. E. Greene et al., defendants,” dated September 27, 1872, which recited that this action was brought to obtain a decree foreclosing the interest of defendants “ in certificate of purchase No. 1291.”
The summons was returned on the same day (September 27, 1872) by the sheriff, who certified that “ the same has not been served on the defendants, for the reason that the defendants named in said summons do not reside in this county, and their place of residence is not known to me.”
On the same day an alias summons issued, which is a copy of the former summons except that instead of being entitled People etc. v. W. E. Greene et al., defendants, it is entitled People etc. v. “ W. E. Greene and all unknown owners,” and with the further difference that it recites that the action is brought to obtain a decree foreclosing the interest of defendants in certificates Nos. 1290, 1291, 1395, and 1396, etc.
*402 The action was brought in the district court, and the summons notified and required the defendants to answer within ten days of service within the county (Santa Barbara), within twenty days of service without the county and within the district, otherwise within forty days.
The record fails to show any affidavit for publication .of summons, or order of the judge or court directing such ¡publication.
There is an affidavit of E. B. Bqust as follows:—
“State of California, County of Santa Barbara, ss.
“E. B. Boust, being duly sworn, says he is publisher of the Santa Barbara Times, a newspaper published weekly in the town and county of Santa Barbara, state of California; that a summons, a true copy of which was duly published in said newspaper for four consecutive weeks, to wit, from the second day of October, A. D. 1872, to the second day of November, A. D. 1872.
“E. B. Boust.”
“Subscribed and sworn to before me this thirteenth <day of November, A. D. 1872.
(Seal) “ A. S. Cooper, Notary Public. '
“Filed November 16, A. D. 1872.
“ F. A. Thompson, Clerk.
“By F. N. Guiterrez, Deputy.”
To this affidavit a printed copy of the alias summons is attached, but the affidavit does not, as may be seen, make any reference thereto.
Judgment by default was taken against defendants November 21, 1872, that is' to say, in less than "forty days after service of summons, if due service thereof is shown.
In June, 1883, F. A. Hyde moved on petition, showing him to be the owner of certificate No, 1291 by assignment, to have the judgment set aside and for lf&ve to answer. His motion was granted August 18, 1883, and *403 an answer was filed by Hyde on the same day setting up a defense to the action.
On the twenty-second day of, September, 1883, the court annulled the order of August 18, 1883, setting aside the judgment. This order, so far as appears, was without notice to Hyde or his attorney, and no action was taken in reference to the answer on file.
Defendant Hyde again, in August, 1886, upon petition duly verified (and setting out most of the. facts herein stated) showing that in 1872 he was a resident of the county of Alameda, etc., moved to set aside the judgment, and the motion being denied, brings this appeal.
1. It is apparent from the foregoing statement that the judgment is void for want of jurisdiction by the court of the person of defendants or of any of them. (People v. Mullan, 65 Cal. 396.)
2. A motion to set aside a judgment is a direct and not a collateral attack on such judgment; hence errors, which might be the subject of review on appeal therefrom, may be considered. (People v. Mullan, supra.)
3. The important question, however, is this: Can the superior court, after the lapse of .a period of, say, twelve years from the entry of a judgment, set it aside, even if void?
In Bell v. Thompson, 19 Cal. 707, it was said: “We think it must be considered as settled in this state that no motion can be entertained by a district court to set aside a judgment on any ground, including that of want of jurisdiction over the person of the defendant in the action in which the judgment was entered, after the expiration of the term at which it was entered, unless its jurisdiction is saved by some motion or proceeding at the time, except in the case provided for by section 68 of the Practice Act.”
The case referred to in the Practice Act is provided for by section 473 of the Code of Civil Procedure.
Under the former system of practice in this state, the *404 decisions were numerous and quite uniform to the effect that upon the expiration of the term of court, all power to alter, change, modify, or annul judgments entered during the term, or prior thereto, was lost, unless saved-by some motion or action of the court during the term, except as otherwise provided by statute. Under our present system of jurisprudence, terms of court are abolished; and as the rule cannot apply literally, it is provided by section 473, Code of Civil Procedure, above referred to, that the relief which formerly could be had during the term may be sought within a reasonable time, which is defined to be six months, except in cases where personal service of summons had not been had, in which cases the court may grant relief within one year.
In Hastings v. Cunningham, 35 Cal. 550, it was held that the rule indicated had no application except to final judgments, and did not apply while the proceedings remained in fieri.
So, too, it has been held that a judgment may be amended after the expiration of the term, where the record furnished the data for such amendment. (Hegeler v. Henckell, 27 Cal. 495; Bostwick v. McEvoy, 62 Cal. 502.)
In Savings and Loan Soc. v. Thorne, 67 Cal. 53, a case in which the cause was tried by the court, and written findings were not filed or waived, this court, on appeal, upheld an order setting aside the judgment upon an application made more than six months after its entry, upon the ground that the case was not within the purview of section 473, supra.
In Wharton v. Harlan, 68 Cal. 422, it was held that the court may, after -the expiration of six months, set aside a judgment by default, entered by the clerk, when it appears upon the face of the judgment roll that the clerk had no power to enter it. In such a case, it was said, section 473 of the Code of Civil Procedure has no application.
*405 It is conceded by all of the authorities that a court will interpose to stay the execution of a void judgment.
A judgment which is void upon its face, and which requires only an inspection of the judgment roll to demonstrate its want of vitality, is a dead limb upon the judicial tree, which should be lopped off, if the power so to do exists. It can bear no fruit to the plaintiff, but is a constant menace to the defendant.
It is said a court whose process is abused by an attempt to enforce a void judgment will interfere, for its own dignity, and for the protection of its officers, to arrest further action. (Mills v. Dickson, 6 Rich. 487.)
The most effectual method of doing this is by extirpating the judgment itself,— by removing a form which is without substance.
In New York, with a statute similar to section 473 of our code, the courts have held that the power to vacate a judgment is inherent, and is not limited by their code, which only has reference to ordinary defaults (Dinsmore v. Adams, 48 How. 274), and that the limitation does not apply to an unauthorized judgment, nor to a judgment entered without service of process. (Simonson v. Blake, 20 How. 484; see cases cited in Wharton v. Harlan, supra.)
In this last case, McKinstry, J., in commenting upon the rule enunciated in Bell v. Thompson, supra, said: —
“ This technical rule as to action during the same term never applied to a pretended judgment in fact void, and could never have applied to statutory judgments entered by the clerk, which may be entered in vacation.”
Section 473, Code of Civil Procedure, is intended to apply to cases where judgment has been taken against a party by mistake, accident, surprise, or excusable neglect; to cases in which the moving party must move upon evidence de hors the record; to cases in which the relief to be granted is largely in the sound discretion of the court, and has no application to a pretended judgment which is shown by the judgment roll to be void *406 for want of jurisdiction, either of the person of the defendant or of the subject-matter.
In this instance, it is true, the applicant moved upon a petition duly verified, setting out the facts, but the notice of motion specified that it would be based “ upon the ground that the papers on file in said action failed to show that any affidavit was filed therein stating grounds for the making of an order by said court for the publication of the summons in said action, or that any order by said court for the publication of said summons was ever made as required by law,” and it was further stated that the “ motion would he made on the papers on file,” etc.
The judgment roll is set out in the transcript, and the certificate of the judge as well as the stipulation of the attorneys show that it was used at the hearing.
By this roll it appears, as before stated, that there was no personal service on the defendants, or any of them, and as there is no sufficient affidavit that the summons was ever in fact published, the judgment is void, and should have' been set aside, and a trial had upon the complaint and answer of Hyde on file, which answer was never stricken out or disposed of.
The order appealed from is reversed, and the court below directed to set aside the judgment in the cause rendered November 27, 1872.
McFarland, J., Sharpstein, J., Temple, J., McKinstry, J., and Paterson, J., concurred.