[No. 12539. In Bank. — June 5, 1888.]

## THE PEOPLE, RESPONDENT, *v.* J. W. PEARSON, APPELLANT.

JUDGMENT BY DEFAULT — SERVICE OF SUMMONS BY PUBLICATION — WANT OF AFFIDAVIT AND ORDER — VACATING JUDGMENT. — In an action to foreclose the interest of a delinquent purchaser of state lands, a judgment by default rendered upon a constructive service of summons by publication, without any affidavit or order for the publication, is void, and should be vacated at the instance of the defendant.

ID. — MOTION TO VACATE — TIME FOR MAKING. — A motion by the defendant to vacate such a judgment is in time, although made more than ten years after its entry.

APPEAL from an order of the Superior Court of Fresno County refusing to vacate a judgment.

The action was commenced on the 1st of July, 1876, and a judgment in favor of the plaintiff was entered on the 25th of October, 1876. On the 27th of August, 1887, the defendant served and filed his notice of motion to vacate the judgment. The further facts are stated in the opinion of the court.

*Frederick S. Stratton,* and *Bruce Cavitt,* for Appellant.

*W. H. Creed,* and *R. B. Terry,* for Respondent.

THORNTON, J. — This action was brought to foreclose the interest of the defendant, as a delinquent purchaser from the state, in a certificate of purchase of lands in Fresno County. The judgment was by default, and was entered after an alleged constructive service of the summons by publication. The judgment was entered in favor of plaintiff on the 25th of October, 1876. Defendant moved to vacate the judgment, on the ground that there had never been any affidavit made or order directing the service of summons by publication. The motion was denied, and defendant excepted. It appears from the bill of exceptions that no affidavit was ever made, or

any order of court directing service of summons by publication. The court, therefore, never acquired any jurisdiction of defendant, and the judgment rendered is erroneous and void. This conclusion is sustained by *People* v. *Applegarth*, 64 Cal. 229, and *People* v. *Mullan*, 65 Cal. 396. The court erred in denying defendant's motion to vacate the judgment. The application for such vacation is a direct proceeding (*People* v. *Mullan, supra*), and was made in time. (*People* v. *Greene*, 74 Cal. 400.) The order is reversed, and cause remanded, with directions to vacate the judgment.

SEARLS, C. J., McFARLAND, J., SHARPSTEIN, J., PATERSON, J., and McKINSTRY, J., concurred.