| 84 | 607 |
| 86 | 496 |
| 84 | 607 |
| 96 | 623 |
| 81 | 607 |
| 97 | 92 |
| 97 | 390 |
| 97 | 397 |
| 84 | 607 |
| 101 | 575 |
| 84 | 607 |
| 103 | 453 |
| 84 | 607 |
| 108 | 235 |
| 84 | 607 |
| 118 | 101 |
| 84 | 607 |
| 119 | 110 |
| 84 | 607 |
| 122 | 282 |
| 84 | 607 |
| 124 | 72 |
| 84 | 607 |
| 136 | 575 |
| 84 | 607 |
| 143 | 678 |
| 84 | 607 |
| 146 | 753 |

[No. 13368.   In Bank. — June 23, 1890.]

# THE PEOPLE, Respondent, v. JAMES V. HARRISON et al., Appellants.

MOTION TO VACATE JUDGMENT — LAPSE OF TIME LIMITED BY STATUTE — ACTION. — A motion will not lie to vacate a judgment after the lapse of the time limited by statute, if the judgment is not void on its face, and in all cases, after the lapse of such time, when the attempt is made to vacate the judgment by a proceeding in court for that purpose, an action regularly brought is preferable, and should be required.

ID. — JUDGMENT VOID ON ITS FACE. — A judgment void on its face is one that appears to be void by inspection of the judgment roll, and it is only such a judgment that can be attacked either directly or collaterally, without reference to the lapse of time.

ID. — OMISSION OF PROOF OF SERVICE OF PROCESS — RECITAL IN JUDGMENT. — The mere absence from the judgment roll of a paper showing the service of summons, personally or by publication, cannot invalidate the judgment, if it recites that the defendant was regularly served with process as required by law; and a motion will not lie to vacate a judgment containing such recital after the lapse of sixteen years from the entry of the judgment.

APPEAL from an order of the Superior Court of Tulare County, vacating a judgment on motion.

The facts are stated in the opinion of the court.

*W. B. Wallace,* for Appellant.

*Freeman & Bates,* for Respondent.

WORKS, J.—This is an appeal from an order made vacating a judgment on motion. The judgment was vacated by the court below. The order was reversed in Department One (*People* v. *Harrison,* 22 Pac. Rep. 1143), and a rehearing granted. The ground upon which it was sought to vacate the judgment was, that the summons was not personally served on the defendant, and was published without the affidavit for such publication required by the statute. The motion to vacate was made *sixteen years* after the judgment was rendered. The evidence shows that all the papers in the original action, upon

which the judgment was founded, were lost, and the motion was attempted to be sustained on parol testimony alone. There are cases decided by this court which recognize the right of a defendant, or his successor in interest, to vacate a judgment on mere motion after the time limited by statute. (*People* v. *Mullan*, 65 Cal. 396; *People* v. *Pearson*, 76 Cal. 400; *People* v. *Greene*, 74 Cal. 400.) But as was said in *People* v. *Goodhue*, 80 Cal. 200: "We know of no provision of law which can be held to authorize the vacation of a judgment on a mere motion after so long a time." Of course, a judgment void on its face may be attacked at any time, directly or collaterally, but when the attempt is made to vacate the judgment by a proceeding in court for that purpose, it should be done by bringing an action as in other civil cases, that the opposing party may be regularly served with summons, and issues formed and the case regularly tried.

But it is unnecessary for us to hold in this case that a judgment void on its face cannot be vacated on a mere motion, and as the cases cited hold that it can be, we content ourselves with saying that an action regularly brought is preferable, and should be required. (*Bell* v. *Thompson*, 19 Cal. 706.) The cases referred to carefully limit this right to vacate in this informal way to judgments void on their face. Thus in *People* v. *Greene*, 74 Cal. 400, it is said: "A judgment *which is void upon its face, and which requires only an inspection of the judgment roll to demonstrate its want of vitality,* is a dead limb upon the judicial tree, which should be lopped off, if the power so to do exists. It can bear no fruit to the plaintiff, but is a constant menace to the defendant. . . . . Section 473 of the Code of Civil Procedure is intended to apply to cases where judgment has been taken against a party by mistake, accident, surprise, or excusable neglect; to cases in which the moving party must move upon evidence *dehors* the record; to cases in which the relief to be granted is largely in the sound discre-

tion of the court, and has no application to a pretended judgment which is shown by the judgment roll to be void for want of jurisdiction, either of the person of the defendant or of the subject-matter. . . . . The judgment roll is set out in the transcript, and the certificate of the judge, as well as the stipulation of the attorneys, show that it was used at the hearing. . . . . By this roll it appears, as before stated, that there was no personal service on the defendants, or any of them; and as there is no sufficient affidavit that the summons was ever in fact published, the judgment is void, and should have been set aside, and a new trial had upon the complaint and answer of Hyde on file, which answer was never stricken out or disposed of."

In the case before us, the judgment roll was not produced. It was shown to have been lost, except the judgment itself, and it was attempted to be shown by parol testimony that no affidavit for publication was filed. The judgment itself is set out in the record, and recites that the defendants were "*regularly served with process, as required by law.*" A judgment void upon its face is one that appears to be void by an inspection of the judgment roll. The mere absence from the roll of a paper,—for example, the return of the officer showing a service of the summons,—cannot invalidate the judgment when the judgment itself recites the fact that the defendant was duly served with process.

Mr. Freeman, in his work on Judgments, thus states the rule, and, we think, correctly:—

"It may happen, when that part of the record containing the evidence of service shows an insufficient service, that other parts of the record, and especially the judgment, disclose the fact that the matter of jurisdiction has been considered and determined by the court. The conclusion or finding upon this subject may appear by recitals stating that the defendant has been cited to appear, or that he has entered his appearance, or that his

default for not appearing has been duly entered. These findings are as conclusive upon the parties, in all collateral proceedings, as any adjudication of the court can be. It must be presumed that they were supported by sufficient testimony not set forth in the record. Thus, though the return upon a summons against A B certifies a service of such summons upon C D, the judgment states that A B has been summoned, the record is not necessarily contradictory. The error in the service of process may have been corrected by service of the summons on the proper person. And, since the statement to this effect is made by the court, it will be conclusively presumed that it acted upon ample evidence and with due deliberation before making such statement, and the judgment will be impregnable to any collateral assault." (Sec. 130.)

Tested by this rule, the judgment before us was not void on its face, and the wisdom of confining the right to vacate judgments to such as appear on their face to be void is clearly exemplified in this case. The evidence tending to show the want of service consisted of the testimony of the deputy clerk and district attorney at the time the original action was pending, who testified that no affidavit for publication had been filed, and the fact that there was no entry of such filing on the register of actions. It is clearly apparent that the witnesses had no present recollection of the facts of this case, but testified that no such affidavits were filed in this class of cases at that time, and therefore none was filed in this case. This evidence was wholly insufficient to authorize a vacation of the judgment as against the recital of due service therein.

Order reversed.

Sharpstein, J., and Fox, J., concurred.

McFarland, J., concurring. — I concur in the judgment, upon the ground that the judgment sought to be set aside is not void on its face.

But I do not concur in the language quoted from *People* v. *Goodhue*, 80 Cal. 200. The Goodhue case was properly decided, I think, upon the ground stated in the concurring opinion therein of Mr. Justice Paterson; but the opinion of the court was concurred in by a majority of the justices, including myself, without, I think, giving due consideration to former decisions. In *People* v. *Mullen*, 65 Cal. 396, *People* v. *Pearson*, 76 Cal. 400, and *People* v. *Greene*, 74 Cal. 400, it had been distinctly held that a judgment void on its face could be set aside on motion, without regard to the lapse of time; and in my judgment there was no occasion to overrule these decisions, or to overturn the established rule on the subject. I think that *People* v. *Goodhue, supra*, should itself be disregarded so far as it conflicts with the other cases above named.