GEORGE P. CROKER, Respondent, *v.* SMITH WILLIAMSON, as Executor and Trustee under the Will of FRANCIS C. TAYLOR, Deceased, et al., Defendants, and HARRY TAYLOR et al., Appellants.

Will — action to determine the validity of a will — period for commencement of action not extended by non-residence of some of the necessary parties defendant — when interests of all parties are so similar that a judgment as to one will similarly affect the others their interests are so united that the action is commenced as to all by service of process upon one or more of such parties.

1. Section 2653a of the Code of Civil Procedure provides generally that an action brought under its provisions "shall be commenced within two years after the will or codicil has been admitted to probate." Appellants who are legatees under a will were non-residents of the state, and service of the summons was not made on them within the period specified. The service was, however, made within such period upon another legatee and upon the executor of the will, who were necessary parties defendant to the action. *Held,* that the period for commencement of this action prescribed by section 2653a was not extended by the non-residence of the appellants.

2. Section 398 of the Code provides: "An action is commenced against a defendant, within the meaning of any provision of this act, which limits the time for commencing an action, when the summons is served on him; or on a co-defendant who is a joint contractor, or otherwise united in interest with him." *Held, first,* that this section applies to the special Statute of Limitations under section 2653a; *second,* that where it appears on the face of an action involving the general validity of a will and of the probate thereof that the interests of legatees are so tied together that they cannot be separated, and that a judgment rejecting or upholding the

will as to one legatee will similarly affect the others, their interests under the will are " united; " *third*, that on the facts appearing in this case, the question of united interest must be determined by the provisions of the will, and not by some conduct *dehors* the instrument.

*Croker* v. *Williamson*, 154 App. Div. 930, affirmed.

(Argued April 16, 1913; decided June 3, 1913.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 31, 1913, which affirmed an order of Special Term denying a motion by the appellants herein for judgment on the pleadings.

The following question was certified: " On the answer of the defendants and the reply thereto by the plaintiff, were the defendants Harry Taylor and Thomas Taylor entitled to judgment upon the pleadings dismissing the complaint as against the said defendants ? "

The nature of the action and the facts, so far as material, are stated in the opinion.

*E. D. Miner* and *A. B. Morrison* for appellants. The limitation created by section 2653a, Code of Civil Procedure, constitutes an integral part of the cause of action, and a condition precedent to its maintenance, and does not merely affect the remedy. (*The Harrisburg*, 119 U. S. 199; *Hill* v. *Supervisors*, 119 N. Y. 344; *Johnson* v. *Phœnix Bridge Co.*, 197 N. Y. 316; *Ackerman* v. *Ackerman*, 200 N. Y. 72; *Colell* v. *Delaware, L. & W. R. R. Co.*, 80 App. Div. 342; *Pernisi* v. *Schmalzer Sons, Inc.*, 142 App. Div. 53; *Hamilton* v. *Royal Ins. Co.*, 156 N. Y. 328; *Medill* v. *Snyder*, 71 Kans. 590.) The limitation contained in section 2653a of the Code of Civil Procedure is a complete limitation in and of itself and is not affected by any of the disabilities, exemptions or exceptions contained in the chapter of the Code on limitations. (*Wetyen* v. *Fick*, 178 N. Y. 224; *Ackerman* v. *Ackerman*, 200 N. Y. 72; *Simonson* v. *Nafis*, 36 App. Div. 473; *Cavanagh* v. *O. S. Nav. Co.*, 13 N. Y. Supp. 540.)

31

Service of the summons upon the appellants, under the order of publication, was not made within the period of limitation. (*McCarthy* v. *McCarthy*, 13 Hun, 579; *Foxell* v. *Fletcher*, 87 N. Y. 479; *Warner* v. *Warner*, 6·Misc. Rep. 249; *McEwen* v. *Public Administrator*, 3 Code Civ. Pro. Rep. 139; *Moore* v. *Thayer*, 3 Code Civ. Pro. Rep. 176; *Reilly* v. *Hart*, 55 Hun, 465; 130 N. Y. 625.) Section 398 of the Code does not in any event apply to the case at hand, because appellants are not "joint contractors or otherwise united in interest" with any other defendant. (*Martens* v. *O'Neill*, 131 App. Div. 123; *Moore* v. *McLaughlin*, 11 App. Div. 478; *Martin* v. *De Coppet*, 64 Misc. Rep. 385; *McDonough* v. *Loughlin*, 20 Barb. 238; *Matter of Wilson*, 103 N. Y. 374; *Matter of Chase*, 41 Hun, 203; *Children's Aid Society* v. *Loveridge*, 70 N. Y. 387; *Rugg* v. *Rugg*, 83 N. Y. 592; *Matter of Folts*, 71 Hun, 492; *Matter of Will of Huestis*, 23 N. Y. Wkly. Dig. 224.)

*David M. Newberger* for respondent. The action was commenced against the appellants within the time limited by the statute. (*Martin* v. *De Coppet*, 64 Misc. Rep. 385; *Moore* v. *McLaughlin*, 11 App. Div. 477; *Maples* v. *Mackey*, 89 N. Y. 146; *Evans* v. *Cleveland*, 72 N. Y. 486; *White's Bank of Buffalo* v. *Ward*, 35 Barb. 637; *Gibson* v. *Van Derzee*, 14 Abb. Pr. [N. S.] 111; *Broadway Bank* v. *Luff*, 51 How. Pr. 479; *Bennett* v. *Watson*, 21 App. Div. 409; *Howell* v. *Dimock*, 15 App. Div. 102; *Shaw* v. *Cock*, 78 N. Y. 198.)

HISCOCK, J. The question involved concerns the application of the Statute of Limitations to an action brought, as this one was, under section 2653a of the Code of Civil Procedure to determine generally the validity of a will and of the probate thereof.

That section provides that, with certain exceptions not important here, an action brought under its provisions "shall be commenced within two years after the will or

codicil has been admitted to probate." The appellants who are legatees under the will here involved were non-residents of the state and service of the summons was not made on them within the period specified. The service was, however, made within such period upon another legatee and upon the executor of the will, who were necessary parties defendant to the action.

I shall assume that the period for commencement of this action prescribed by section 2653a was not extended by the non-residence of the appellants, as might have happened under other statutory provisions for the limitation of actions, and that, therefore, no requisite commencement of the action by service of the summons upon them was made.

Section 398 of the Code, however, provides: "An action is commenced against a defendant, within the meaning of any provision of this act, which limits the time for commencing an action, when the summons is served on him; or on a co-defendant who is a joint contractor, or otherwise united in interest with him."

The two questions which arise under this section are, *first*, whether it applies to the special Statute of Limitations now being discussed, and, *second*, if it does, whether various legatees or legatees and executors under and of a will which is being attacked are "united in interest" within the last clause of said section.

The answer seems clear that said section is applicable to the Statute of Limitations governing this case. Such statutory provision simply limits the time within which such an action must be commenced. It does not attempt to place any restriction upon the methods by which the action may be begun, and, therefore, there is no reason for holding that a plaintiff in such an action should not be entitled to the benefits of a general provision telling him how he may commence his action. In the next place section 398, by its express terms, covers such a case as this, because it applies to the commencement of any

action covered by "any provision of this act," and of which act both sections 2653a and 398 are parts.

While the second question may afford more opportunity for debate than the one just answered, the answer thereto nevertheless seems to be reasonably certain. Section 2653a requires that "All the devisees, legatees and heirs of the testator and other interested persons, including the executor or administrator, must be parties to the action." The issue to be determined is "whether the writing produced is or is not the last will and codicil of the testator, or either." The verdict is made conclusive as to real or personal property unless a new trial be granted. If the judgment is to the effect that the writing produced is the last will and codicil, it is not only conclusive upon the parties to the action, but must expressly enjoin them and those claiming under them from thereafter maintaining any action or defense based upon a claim that such writing is not the last will or codicil or either of the testator. Conversely, if the verdict and judgment are to the effect that the writing produced is not the last will and codicil of the testator, they must necessarily establish such invalidity as against all the parties. It is clear both upon reason and authority that no such anomalous result could be tolerated as that of a judgment declaring a will invalid on general grounds as to part of the legatees and valid as to others. (1 Woerner's Amer. Law of Administration [2d ed.], § 500; *Powell* v. *Koehler*, 52 Ohio St. 103, 117; *Wells* v. *Wells*, 144 Mo. 198; *Matter of Freud*, 73 Cal. 555.)

Thus it appears that in the face of an action involving the general validity of a will and of the probate thereof, the interests of legatees are so tied together that they cannot be separated and that a judgment rejecting or upholding the will as to one legatee will similarly affect the others. Their interests under the will must stand or fall together, and it would seem to be pretty clear that they are, therefore, "united."

It is contended in this case that this reasoning, even if

ordinarily applicable, does not apply because it appears that the legatee, service of the summons upon whom is relied upon as establishing due commencement of the action as against appellants, offered objections to the original probate of the will and since the commencement of this action has served an answer asking for practically the same relief as that desired by the plaintiff, and it is urged that under these circumstances she cannot be said to have an interest united with that of the appellants who desire to have the will sustained. No question of motives or good faith is involved.

In respect to this contention it seems to me that at least on the facts appearing in this case, the question of united interest must be determined by the provisions of the will, and not by some conduct *dehors* the instrument. If the will confers benefits upon various people the presumption follows that they are interested in maintaining it, and in my opinion it would be unwise to hold that this presumption, flowing from the instrument itself, is avoided for the purposes we are now considering by showing that some legatee at some time has done or said something, or, after the action has been commenced, has taken a position which indicated that for some reason he thought that his situation would be improved by destroying rather than upholding the will. Such a rule would make much uncertainty in proceeding under section 398 of the Code, and might lead to very unjust consequences to one who had commenced his action in accordance with the requirements thereof and in reliance upon the provisions of the instrument which he was attacking as a test of the union of interest amongst various people.

We think that the order appealed from should be affirmed, with costs, and the question certified to us answered in the negative.

CULLEN, Ch. J., GRAY, WERNER, COLLIN, CUDDEBACK and MILLER, JJ., concur.

Order affirmed.