[Civ. No. 3204.   Third Appellate District.—October 11, 1926.]

## MARY FLETCHER et al., Petitioners, v. THE SUPERIOR COURT OF SACRAMENTO COUNTY et al., Respondents.

[1] EXECUTORS AND ADMINISTRATORS — REVOCATION OF PROBATE OF WILL—JUDGMENTS—COLLATERAL ATTACK—JURISDICTION—PRESUMPTIONS.—In a proceeding for the appointment of an administrator, a final judgment revoking the probate of an alleged will cannot be attacked on the ground that some of the legatees were not served with citation, where the record is silent as to who were and were not served, the presumption being that the court had jurisdiction of both the subject matter and the parties, and that the court had before it all the parties necessary to confer jurisdiction and pronounce judgment.

[2] ID.—VALIDITY OF JUDGMENT—COLLATERAL ATTACK—JUDGMENT-ROLL —PROHIBITION.—A proceeding to prohibit the enforcement of an order of the probate court appointing an administrator with the will annexed of the estate of a deceased person after a judgment revoking the probate of said will, on the ground that certain of the legatees and devisees had not been served with citation, constitutes a collateral attack upon said judgment, and upon collateral attack such judgment must be held to be valid, unless the judgment-roll shows it to be void.

[3] JUDGMENTS—COLLATERAL ATTACK—PRESUMPTIONS AS TO VALIDITY. Every presumption and intendment is in favor of the validity of the judgment on collateral attack, and any condition of facts consistent with its validity will be presumed to have existed, rather than one which will defeat it.

[4] ID.—JURISDICTION — PRESUMPTIONS. — Upon collateral attack, the record must show affirmatively that the court did not have jurisdiction; otherwise it will be presumed.

[5] ID.—RECORD — JUDGMENT-ROLL — EXTRINSIC EVIDENCE.—The record is the judgment-roll and upon collateral attack is the only evidence that can be considered in determining jurisdiction, and extrinsic evidence is inadmissible even though it might show that jurisdiction did not, in fact, exist.

1.   See 15 Cal. Jur. 92.
2.   See 11 Cal. Jur. 369.
3.   See 15 Cal. Jur. 65; 15 R. C. L. 875.
4.   See 15 Cal. Jur. 66.
5.   See 15 Cal. Jur. 59.

[6] ID.—METHODS OF ATTACKING JUDGMENTS.—The only ways to attack a judgment are by motion for a new trial, by an appeal, by motion for relief made under the provisions of section 473 of the Code of Civil Procedure, and by an independent suit in equity.

[7] EXECUTORS AND ADMINISTRATORS — JUDGMENT REVOKING PROBATE OF WILL—COLLATERAL ATTACK.—In a proceeding for the appointment of an administrator with the will annexed, an attack on a final judgment revoking the probate of the alleged will is collateral, since the will of the deceased and the estate of the deceased are separate and distinct, and the fact that the latter proceeding was entitled in the matter of the estate of the said named person does not change what would otherwise be a collateral attack to a direct attack upon the judgment revoking the will of the deceased.

[8] ID.—VALIDITY OF WILL — SERVICE — CONSENT — JURISDICTION.—In such a proceeding, the court has no jurisdiction to determine the validity or invalidity of the alleged will, probate of which had been revoked in a previous proceeding in which all parties were not served, regardless of the consent of the parties or their counsel.

[9] WILLS—PROBATE PROCEEDINGS—NATURE OF.—A proceeding to probate a will is a proceeding *in rem* and not *inter partes*.

[10] PROHIBITION—ACTS IN EXCESS OF JURISDICTION—EXISTENCE OF REMEDY AT LAW — DISCRETION. — Prohibition will not lie if the party aggrieved by the act in excess of jurisdiction has a plain, speedy, and adequate remedy at law, but if an appeal lies and yet does not afford the parties such a remedy, the court in the exercise of its discretion may grant the writ.

[11] ID.—ISSUANCE OF WRIT—DISCRETION—FACT.—Whether a writ of prohibition should or should not issue in any case is a matter of sound discretion, which must be determined by the particular facts of the case wherein the remedy is sought.

(1) 34 C. J., p. 537, n. 72, p. 538, n. 74.   (2) 34 C. J., p. 524, n. 81 New, p. 548, n. 26 New; 40 Cyc., p. 1379, n. 45 New.   (3) 34 C. J., p. 537, n. 72, p. 539, n. 75, p. 540, n. 78.   (4) 34 C. J., p. 538, n. 74, p. 540, n. 76.   (5) 34 C. J., p. 82, n. 19 New, p. 548, n. 26 New, p. 549, n. 33.   (6) 34 C. J., p. 514, n. 57 New; 40 Cyc., p. 1081, n. 2, p. 1082, n. 9 New.   (7) 40 Cyc., p. 1379, n. 45 New; 24 C. J., p. 1165, n. 76, 79 New.   (8) 15 C. J., p. 802, n. 6, p. 804, n. 7, p. 808, n. 57; 24 C. J., p. 1165, n. 79 New; 33 C. J., p. 1077, n. 74, 75. (9) 40 Cyc., p. 1224, n. 60.   (10) 32 Cyc., p. 613, n. 99, p. 614, n. 2, p. 617, n. 16, 17.   (11) 32 Cyc., p. 600, n. 5, p. 609, n. 72.

6.   See 15 Cal. Jur. 46.
8.   See 15 Cal. Jur. 151.
10.   See 21 Cal. Jur. 586; 22 R. C. L. 10.
11.   See 21 Cal. Jur. 633; 22 R. C. L. 633.

APPLICATION for a Writ of Prohibition to prevent further proceedings in the matter of the distribution of an estate. Granted.

The facts are stated in the opinion of the court.

George A. Work for Petitioners.

B. F. Van Dyke, Joseph W. Mento and Evan J. Hughes for Respondents.

PLUMMER, J.—The facts upon which this application is based are as follows: A writing, purporting to be the last will and testament of Maria De Cambra, deceased, was admitted to probate in the Superior Court of the County of Sacramento on the twenty-eighth day of August, 1922; on the eighteenth day of July, 1923, Josie Macedo, an heir at law of said deceased, filed a contest of said will, alleging undue influence, unsoundness of mind, and insufficient execution of the instrument. Subsequently, the contest was tried before a jury and a verdict entered in favor of the contestant upon a finding that the said Maria De Cambra was of unsound mind at the time of the execution of the instrument alleged to be her will. The judgment revoking the probate of said instrument alleged to be the will of said deceased was entered on the fourth day of March, 1924, notice of motion for a new trial was filed by the proponent, heard by the court and motion for new trial denied on the twenty-ninth day of April, 1924. No appeal was taken and judgment revoking the probate of said alleged will became final on the twenty-ninth day of May, 1924. Thereafter, petitions for letters of administration were filed by the contestants, Josie Macedo, and subsequently thereto, and on the eighteenth day of September, 1924, one Manuel Cordoza filed a petition for letters of administration on said estate. On October 20, 1924, the petitions of Manuel Cordoza and Josie Macedo came on for hearing and were heard together. Though stated in the briefs but not appearing in the record at the date of the hearing, T. A. Farrell, as attorney for Josie Macedo, appeared in court and stipulated that six of the legatees named in the instrument alleged to be the last will and testament of said deceased had not been served with citation. It

appears that some twenty-four legatees and devisees were named in said instrument. This stipulation was not filed, was not entered in the minutes, and, as we have said, is not shown by the record presented upon this appeal. It further appears that the citation issued by the court upon filing the contest of the instrument theretofore admitted to probate as the last will and testament of Maria De Cambra, deceased, was lost; that there was no record of the return of the citation and the record is entirely silent as to who were and who were not served with citation in the contest ending in the revocation of the probate of the instrument filed as the last will and testament of said deceased. The matter of the hearing of the petitions for letters of administration herein referred to was submitted to the trial court on the twentieth day of October, 1924, and on December 11, 1925, an order was filed purporting to appoint Frank De Cambra administrator with the will annexed of the estate of said deceased. This order appears to have been based on the theory that as to the six legatees who were said not to have been served with citation, the will was still in full force and effect. The order of the court in this particular is as follows: "The Court further finds that as to the said Josephine Cordoza, Manuel Cordoza, George De Cambra, Josephine Jacinto, Thelma Jacinto and Loretta Jacinto, that this is a proper cause for the issuance of Letters of Administration with the Will annexed." The persons just named are the individuals stated by Attorney Farrell, in open court, not to have been served with citation in the original proceeding involving the validity of the instrument referred to, filed as the will of said Maria De Cambra, deceased. The order referred to also finds that the six persons herein mentioned were not served with citation. On the twenty-second day of January, 1926, two of the six persons alleged not to have been served filed a petition for partial distribution of the estate of said deceased. Said petitioners are named as legatees in the instrument, probate of which was revoked, but are not heirs of the deceased. Thereafter, after appropriate steps to that end had been taken, a motion was made before the said Superior Court and Honorable Peter J. Shields, as the judge thereof, to vacate the order of December 11, 1925, on the ground that it was void upon its face, that the court had no jurisdiction to make said order, and, also, to strike the petition

for partial distribution from the files of said court for the reason that, inasmuch as the petitioners were not heirs of said deceased and the probate of said will had been revoked, and the judgment revoking the probate of said will had become final, said petitioners were not entitled to share in the distribution of said estate of said deceased. This motion was denied. Thereupon, the petitioners herein, heirs of and entitled to share in the distribution of the estate of said deceased as her heirs, unless the judgment revoking the probate of said alleged will is vacated in some appropriate proceeding, filed their petition for a writ of prohibition praying that the trial court be prohibited from further proceeding in the matters herein just referred to. The petitioners herein are not and never have been represented by Mr. Farrell in any matters pertaining to said estate and the stipulation made by him in open court was made without their consent or knowledge and, apparently, in their absence. The effect of the stipulation will be dealt with later on.

The record in the proceedings relating to the contest of the instrument filed and administered as the last will and testament of Maria De Cambra, deceased, appears to have been regular in every particular, save and except that the record is entirely silent as to the service of citation issued in the matter of said contest. In this proceeding we are not concerned with any question save that of jurisdiction and whether the final judgment in the matter of the contest of the alleged will of said deceased can be attacked in a collateral proceeding in the manner and form here presented. So far as the record shows, no attempt has ever been made to directly attack the judgment revoking the probate of the alleged will of said deceased. The order made and entered on the eleventh day of December, 1925, apparently made upon an oral stipulation that certain legatees had not been served with citation, constitutes the basis for the holding of the trial court that this is a proper case for the issuance of letters of administration with the will annexed of said deceased as to the six persons so orally named as not having been served with citation. The order directing the issuance of letters of administration with the will annexed does not specifically state, however, that it was made upon any stipulation. In this particular, the order reads: "And evidence both oral and documentary having been introduced and the

matter submitted to the Court for decision, the Court finds'';
and then the court proceeded to recite the facts, which we
have hereinbefore set forth, relative to the filing of the will,
its admission to probate, the filing of a contest, the issuance
of citation to show cause, the order that said citation was
caused to be served upon the executor named in the will,
and upon other devisees mentioned in said last will and
testament, except Josephine Cordoza, Manuel Cordoza,
George De Cambra, Josephine Jacinto, Thelma Jacinto, and
Loretta Jacinto, and concluded its order as we have herein
stated.    It thus appears from the record that the court pro-
ceeded in the matter of the application for letters of ad-
ministration to try the question of the validity of the final
judgment in the matter of the contest of the instrument filed
as the last will and testament of said deceased and to take
oral and documentary testimony as to the service of citation
upon certain persons named as legatees under the will of
said deceased, and to make a finding that such persons had
not been served with citation, and, also, as to them the
revocation of the probate of said will was of no effect.    What
the oral testimony admitted by the court was does not ap-
pear from its order, but the briefs of counsel contain the re-
cital that it was the oral statement of counsel for one of the
persons interested in the estate of said deceased at the time
the court was hearing the petitions for letters of administra-
tion.

[1]    We thus have before us first the record of the pro-
bate court in the trial of the contest of the validity of the
alleged last will and testament of said deceased which is
entirely silent as to who were and were not served with
citation.    The court had jurisdiction of the subject matter,
was a court of general jurisdiction, and, therefore, comes
within the rule announced in 15 California Jurisprudence,
page 92, section 164: ''That the proceedings of the Courts
of Probate, within the jurisdiction conferred upon them
by the laws, shall be construed in the same manner, and with
like intendments; and that the records, orders, judgments,
and decrees of the said Probate Courts shall have accorded
to them like force and effect, and legal presumptions, as the
records, orders, judgments and decrees of the Superior
Courts.''    (See, also, *Estate of Davis,* 151 Cal. 325 [121
Am. St. Rep. 105, 86 Pac. 183, 90 Pac. 711].)    In this state

the law is well settled that where the record of a superior
court is silent as to the question of service, the presumption
is that the court hearing the cause had jurisdiction of both
the subject matter and the parties and that the court had
before it all the parties necessary to confer jurisdiction and
to pronounce judgment. (34 C. J. 537, sec. 841.) In sup-
port of this statement of the law we need only to refer to
the cases of *Hahn* v. *Kelly,* 34 Cal. 391 [94 Am. Dec. 742];
*In re Eichhoff's Estate,* 101 Cal. 600 [36 Pac. 11]; also,
107 Cal. 42 [48 Am. St. Rep. 110, 40 Pac. 24]; and the
recent case of *Hogan* v. *Superior Court,* 74 Cal. App. 704
[241 Pac. 584], in which latter case hearing by the supreme
court after judgment in the district court of appeal was
denied. The citations in the last case are exceedingly
numerous and need not be set forth herein, but they all
support the following propositions of law there stated: [2]
A proceeding such as we are here considering is a collateral
attack, and upon collateral attack a judgment must be held
to be valid unless the record, that is, the judgment-roll,
shows it to be void. In determining the question, we are
restricted to the evidence afforded by the judgment-roll.
[3] Every presumption and intendment is in favor of the
validity of the judgment, and any condition of facts con-
sistent with the validity of the judgment will be presumed to
have existed, rather than one which will defeat it. [4]
The record must show upon its face affirmatively that the
court did not have jurisdiction; otherwise it will be pre-
sumed. [5] The record is the judgment-roll and upon
collateral attack is the only evidence that can be considered
in determining the question of jurisdiction. Extrinsic evi-
dence is wholly inadmissible even though it might show that
jurisdiction did not, in fact, exist. In the case at bar, it
does not matter what kind of evidence the court permitted to
be introduced upon the hearing of the petitions for letters of
administration. It had no jurisdiction whatever to consider
any evidence other than the judgment-roll itself, that is,
the records in the matter of the proceeding of the contest of
the alleged last will and testament of Maria De Cambra,
deceased. That record, as we have said, was entirely silent
on the subject of service of the citation issued in the matter of
that contest; hence, the court had absolutely no jurisdiction in
a collateral proceeding to take any evidence other than what

was presented, and it was bound by the presumption that the court hearing the contest had jurisdiction and that the necessary parties to warrant the entry of the judgment revoking the probate of the alleged last will and testament of said deceased were properly before it. In other words, the judgment in the will contest having become final, it is beyond the power of the trial court, in any collateral proceeding, to take any evidence, or act upon any evidence, which would rebut the presumption of proper service, or of the fact of jurisdiction in the contest proceedings. [6] Under the law there are just four ways to attack a judgment: 1. By motion for a new trial; 2. By an appeal; 3. By motion for relief made under the provisions of section 473 of the Code of Civil Procedure; 4. By an independent suit in equity. By the third and fourth methods which we have here referred to, the question of the validity or invalidity of the judgment, by reason of lack of service, may be brought in question. We are not here concerned with what questions may be raised upon motion for a new trial or considered upon appeal. In this case, no motion has been made for relief under the provisions of section 473 of the Code of Civil Procedure, nor has any independent suit in equity been instituted or prosecuted seeking relief from the final judgment in the contest proceedings of the will of Maria De Cambra, deceased.

As we have said, the record in the contest proceedings being silent on the question of service and the judgment in that case having become final before the attempted appointment of an administrator with the will annexed of the estate of said deceased, the court in the matter of the petitions for letters of administration upon the estate of said deceased, being a collateral attack, was absolutely bound by the judgment in the contest proceedings, and whether service of citation upon all persons named as legatees in the alleged will of said deceased was or was not had or made, the fact of service was absolutely established by the presumptions of law inhering in the final judgment that the court pronouncing it had jurisdiction, unless the contrary explicitly appears on the face of the record. Such presumptions can only be questioned upon a direct attack irrespective of what the facts may be. As held by the cases cited and in the decisions to which we have referred, "a fact presumed is a fact ad-

judged,'' and therefore the question of service in the contest proceedings is just as completely established by presumption as though the court in that case had adjudged and set forth all the facts conclusively showing its jurisdiction and right to proceed.

While not necessary to a decision in this proceeding, we here refer to the authorites which hold that a will must either stand or fall as a whole. The cases referred to instances of alleged undue influence and unsoundness of mind and the principle is set forth that the will is either valid or void as to all of the legatees. (See *In re Freud,* 73 Cal. 555 [15 Pac. 135]; *Estate of Dolbeer,* 153 Cal. 652 [15 Ann. Cas. 207, 96 Pac. 266]; *Clements* v. *McGinn,* 4 Cal. Unrep. 163 [33 Pac. 920]; *Croker* v. *Williamson,* 208 N. Y. 480 [102 N. E. 588]; *Hines* v. *Hines,* 243 Mo. 480 · [147 S. W. 774].)

[7] That the proceeding here under consideration is a collateral attack is so well established that we deem it unnecessary to cite authorities. The mere fact that it relates to the estate of Maria De Cambra, deceased, does not in any particular change the character of the attack. See *Estate of Davis,* 151 Cal. 319 [121 Am. St. Rep. 105, 86 Pac. 183, 90 Pac. 711]. The contest of the will was a distinct and separate proceeding distinctly provided for by the codes. It had for its purpose the establishment of the status of the alleged last will and testament of Maria De Cambra, deceased, and had nothing to do with the administration of the estate of said deceased. The will of the deceased and the estate of the deceased are separate and distinct, and, because the latter proceeding was entitled in the matter of the estate of the said named person does not change what would otherwise be a collateral attack to a direct attack upon the judgment revoking the will of the deceased. In the *Estate of Parsons,* 196 Cal. 294 [237 Pac. 744], the court upon this question reviews its holding in the *Estate of Davis, supra,* as follows: ''An order admitting a will may be appealed from, or the admission of the instrument to probate may be contested, and the validity of the will attacked within one year after such probate, but an attack on the order, or a contest of the validity of the whole or a part of the will, is not a direct attack merely because made or instituted in some proceeding connected with the administration of the

same estate.'' In the case at bar, we have a proceeding purporting to be connected with the same estate, and it is in such proceeding that the attack is made upon the will. As we have hereinbefore set forth and under the decisions just referred to, it notwithstanding remains simply a collateral attack, subject to all the presumptions upholding the finality, and conclusiveness of the judgment revoking the probate of the alleged last will and testament of said deceased.

[8] In this proceeding, had the record in the contest proceedings established the fact of nonservice of citation, the court possessed no jurisdiction to determine the validity or invalidity of the alleged will of said deceased. It would have found itself simply with an undecided contest before it, which contest should properly have been decided before further proceedings were had. (*Estate of Edwards,* 154 Cal. 91 [97 Pac. 23].) The agreement or consent of the parties cannot give the court the right to adjudicate upon any cause of action or subject matter which the law withholds from its cognizance and in such case the order or judgment of the court is void notwithstanding such consent. Consent may be given of the person but not of the subject matter. (33 C. J. 1077, sec. 38; Freeman on Judgments, 4th ed., par. 120; 15 Cal. Jur. 151, sec. 198; *Munday* v. *Vail,* 34 N. J. L. 418; *Seamster* v. *Blackstock,* 38 Va. 232 [5 Am. St. Rep. 262, 2 S. E. 36].) Much less can the stipulation of counsel representing one of the persons named as a legatee by Maria De Cambra, deceased, bind or affect the property rights or interests of the heirs of said deceased. (*Knowlton* v. *MacKenzie,* 110 Cal. 187 [42 Pac. 580].) We do not find anything in the case of *Akley* v. *Bassett,* 189 Cal. 625 [209 Pac. 576], nor in the cases therein cited modifying or limiting the principles of law which we are setting forth in this opinion. It is not exactly clear just what facts appeared in the judgment-roll of the case of *Bassett* v. *Thorton,* referred to in the case of *Akley* v. *Bassett,* but the reasonable inference from what is stated would be that the record showed simply service upon the minor named Josephine Akley, and, also, that the minor was under the age of fourteen years; that thereupon the court made its order appointing a guardian *ad litem* for said minor and also for two other minors. This, of course, shows an invalid service

and the recital contained in the findings that service of summons had been regularly made was based upon evidence showing that such was not the case. This presents circumstances entirely dissimilar from those we are considering, nor is the following language found in the opinion applicable here; it is there stated: "But if the parties admit the facts which show that the judgment is void, or if they are established without opposition, then, as a question of law upon such facts, we do not see why the case is not like that where the judgment is void upon its face," citing authorities. The parties whose property rights were established by the judgment revoking the probate of the will of Maria De Cambra, deceased, were not parties stipulating that the judgment entered in that case was void. We do not think it necessary to further state that an attorney cannot stipulate away the property rights of persons whom he does not represent. If this cannot be done in a direct proceeding, it is evident that the court cannot acquire jurisdiction to act upon any such stipulation in a collateral proceeding. In the case at bar the court was not dealing with ordinary civil actions between parties where they might appear and stipulate as to matters involving their property rights, but the court was dealing with a proceeding *in rem.*

[9] That a proceeding looking to the probate of a will is a proceeding *in rem* and not *inter partes* is so well established that citation of authorities is unnecessary. It is also unnecessary for the purposes of this decision for us to either approve or disapprove the ruling in the case of *Croker* v. *Williamson,* 208 N. Y. 480 [102 N. E. 588], and authorities cited, in which it is held, under a statute similar to ours, that legatees and devisees are so united in interest that service upon one is a service upon all and that failure to serve upon all constitutes only an irregularity and does not affect the jurisdiction of the court to proceed. Nor do we need to follow the argument of counsel as to what constitutes jurisdiction to determine questions tendered either upon the proffer of a will for probate or a petition seeking the revocation of such probate, for the reasons that what we have heretofore said and the authorities cited establish beyond question in a collateral proceeding that the trial court in the matter of the contest of the alleged will of Maria De Cambra, deceased, had jurisdiction which cannot be questioned. Nor

is it necessary for us to express any opinion as to the construction that should be given section 1328 of the Code of Civil Procedure, relating to service of citation. In saying this, we are not overlooking the fact that, under section 1312 of the Code of Civil Procedure, where opposition is filed in the first instance to the probate of the will, service of the opposition is only required to be made upon the party petitioning for the probate of the will and residents of the county interested in the estate, while section 1328 goes further and directs the citation to be issued to the legatees and devisees named in the will and heirs residing in the state, so far as known to the petitioner. Nor do we express any opinion as to whether the words "so far as known to the petitioner," appearing in section 1328, *supra*, refers to legatees and devisees as well as to heirs, or only as to heirs. The construction that should be given to these sections is not really involved in this case, and for that reason, although learnedly argued by counsel, is not attempted.

[10] In view of what we have heretofore stated, there remains but one question for determination: Should the court exercise its discretion herein and issue a writ of prohibition as prayed for? As stated in *Reclamation Dist. No. 108* v. *Ash*, 58 Cal. App. 238 [208 Pac. 394], a court of appeal "having once issued an alternative writ of prohibition and thus signified its willingness to entertain the proceeding, . . . will not dismiss such proceeding merely because the subject matter to which the writ pertains is solely of equitable cognizance and of which the Supreme Court has exclusive appellate jurisdiction, subject . . . to the constitutional right of the latter to transfer the cause . . . to a district court of appeal for hearing and decision." Section 1103 of the Code of Civil Procedure, relating to the issuing of the writ of prohibition, reads: "It may be issued by any court . . . to an inferior tribunal . . . in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law." A long list of cases might be cited where it is held prohibition will not issue and a correspondingly long list of cases might be cited where the writ has been issued. The rule may be stated in general language as follows: If the party aggrieved by the act in excess of jurisdiction has a plain, speedy, and adequate remedy at law prohibition will not lie, but if an appeal lies and yet does

not afford the parties such a remedy, the court in the exercise of its discretion may grant the writ. In the following cases, notwithstanding the fact that an appeal would lie, the writ has been issued on the ground that an appeal afforded neither a speedy nor adequate remedy: *Dungan* v. *Superior Court*, 149 Cal. 98 [117 Am. St. Rep. 119, 84 Pac. 767]; *Glide* v. *Superior Court*, 147 Cal. 21 [81 Pac. 225]; *Ophir Mining Co.* v. *Superior Court*, 147 Cal. 467 [3 Ann. Cas. 340, 82 Pac. 70]; *Reclamation Dist.* v. *Superior Court*, 171 Cal. 672 [154 Pac. 845]; *Consolidated, etc.,* v. *Superior Court*, 189 Cal. 92 [207 Pac. 552]; *Craycroft* v. *Superior Court*, 18 Cal. App. 781 [124 Pac. 1042]. In the Glide case, a writ of prohibition was granted to prevent a superior court from proceeding to a trial in a case where the issue was whether certain lands were reclaimed, on the ground that the jurisdiction to determine this matter was vested exclusively in the supervisors. While an appeal would lie in that cause, the supreme court, however, held that the aggrieved party should not be put to the delay and expense of an appeal. In the concurring opinion in that case, it is said: "The question whether or not the remedy by appeal is adequate is, even in cases where jurisdiction is plainly lacking, a matter resting in the sound discretion of the court upon the particular circumstances of each case." In the case of *Reclamation Dist., etc.,* v. *Superior Court*, 171 Cal. 672 [154 Pac. 845], the writ was granted to prevent the superior court from entertaining an application for an injunction to enjoin the trustees of a reclamation district from exercising certain functions in building levees. In one of the cases cited the writ was issued to prevent a superior court from trying a case to recover a sum of money less than three hundred dollars, notwithstanding an appeal lay to the district court of appeal. In the Craycroft case the question involved was the determination of the rights to certain school lands. The writ was issued notwithstanding the remedy by appeal might have been availed of by the aggrieved party.

[11] A review of further authorities where the writ has been issued and likewise a review of cases where the writ has been denied would not aid materially in our decision herein further than to state that the determination as to whether a writ should or should not issue in any case is a matter of

sound discretion, which must be determined by the particular facts of the case wherein the remedy is sought. If the facts are of such a nature that the remedy by appeal is not adequate, or is not, under the circumstances, speedy, or does not reasonably come within the purview of the definition of either of said terms, then the writ should issue. In the case at bar the settlement of the estate will, by this proceeding, unless restrained, be prolonged for a very considerable period of time. The record shows that the trial court denied the motion to dismiss the proceedings, which we hold should have been granted, that there are twenty-four legatees and devisees named in the alleged last will and testament of said deceased, that two of them have filed a petition for partial distribution, but the court is apparently proceeding upon the theory that the will is valid as to the petitioners for partial distribution, though it may be void as to others, that the court is proceeding with the distribution of an estate where if upon the trial of the contest of the will the court did not have jurisdiction, the contest of the will would be open and undetermined, that the theory that a will can be void in part on the ground that the testator was of unsound mind and yet valid as to others, is untenable, that if distribution is granted in the matters now pending before the trial court, other petitions for a like cause may be filed by other persons named in said last will and testament as legatees and devisees, either separately or together, thus involving much litigation and many appeals, and this all in view of the fact that the intendment of the probate law is that estates should be speedily settled and the property distributed to the persons rightfully entitled to take. These reasons, without mentioning others involving expense and delay, we think sufficient to justify the court in the issuance of the writ restraining the trial court from further proceeding in the matter of the partial distribution of said estate to parties who are not heirs at law of the said Maria De Cambra, deceased, on the ground that the court has no jurisdiction to entertain the same by reason of the finality of the judgment annulling and setting aside and vacating the probate of the instrument proffered as the last will and testament of said deceased.

Let the writ issue as prayed for.

Hart, J., and Finch, P. J., concurred.