[Civ. No. 4239. Third Appellate District.—January 20, 1931.]

THE PEOPLE, Respondent, v. JAMES HEROD, Appellant.

T. R. Claflin, C. L. Claflin and H. E. Schmidt for Appellant.

U. S. Webb, Attorney-General, for Respondent.

F. E. Borton, as *Amicus Curiae*.

MR. JUSTICE PLUMMER DELIVERED THE OPINION OF THE COURT.—This is an appeal from an order denying a motion to vacate a judgment foreclosing a certificate of purchase.

The record shows that on or about January 11, 1887, James Herod became the holder of a certificate of purchase for section 16, township 28 south, range 29 east, M. D. B. & M. No payments were made as required, and on the twenty-third day of July, 1890, a complaint in foreclosure of the certificate of purchase was filed. On December 1, 1890, a decree of foreclosure was granted in said cause in favor of the plaintiff. On January 30, 1928, a little over thirty years after the judgment was entered, the appellant served a notice of motion to set aside the judgment on two grounds —First: That no service of summons, either personally or by publication, was ever made or had upon the defendant; and second: That no legal service of summons, either personally or by publication, was ever made or had upon the defendant.

The judgment-roll shows a complaint, the issuance of summons, order for publication of summons, and judgment by default, followed by decree of foreclosure. The judgment or decree of foreclosure recites that the defendant had been regularly served with process, and had failed to appear and answer the complaint; that the time for answering had expired, and that the defendant's default had been entered according to law. The judgment and decree then proceeds to recite the purchase of the certificate by the appellant, failure to make payment as required by law, following which, judgment of foreclosure was entered in favor ·of the respondent.

The appellant relies principally upon the alleged insufficiency of the affidavit for publication of summons. The contention is made that the affidavit contains no probative facts and consists only of a statement of ultimate facts and conclusions.

The judgment to which we have referred recites that the appellant was regularly served with summons, and unless there is something in the record, which we can consider, that shows that this statement in the judgment is not well founded, the assertion that the judgment is void upon its face is without merit. We have reference to the appellant's contention concerning the affidavit for publication of summons. Whatever may be contained therein is entirely of no moment here. Prior to the amendment of section 670 of the Code of Civil Procedure in 1895 (Stats. 1895, p. 45), the affidavit for service of summons by publication constituted no part of the judgment-roll. As we have stated, this action was begun in July, 1890, and judgment entered in December, 1890, some five years preceding the time when the affidavit for publication was, by the legislature, made a part of the judgment-roll.

Disregarding the affidavit for publication there is nothing in the record in this case disclosing want of jurisdiction to enter the judgment complained of. The cases of *People* v. *Mullan,* 65 Cal. 396 [4 Pac. 348], *People* v. *Pearson,* 76 Cal. 400 [18 Pac. 424], and *People* v. *Greene,* 74 Cal. 400 [5 Am. St. Rep. 448, 16 Pac. 197], are not controlling upon the questions here presented. In *People* v. *Mullan* it appears that the motion was based upon section 473 of the Code of Civil Procedure, while the cases of *People* v. *Pear-*

*son* and *People* v. *Greene* went off on the theory that the affidavit of publication of summons was a part of the judgment-roll at the time that the decisions were rendered in those cases. Such, however, was not the case, and the later decision practically overrule the Pearson and Greene cases. The case of *Rue* v. *Quinn*, 137 Cal. 651 [66 Pac. 216, 70 Pac. 732], cited by appellant, went off on the theory that the judgment was void upon its face. The appellant overlooks three cases which are decisive of every question here presented.

In *People* v. *Davis*, 143 Cal. 673 [77 Pac. 651], dealing with a motion like that in the case at bar, the court said: "It is well settled that a court has no power to set aside or vacate on motion a judgment not void upon its face unless the motion is made within a reasonable time and it is definitely determined that such time will not extend beyond the limit fixed by section 473 of the Code of Civil Procedure, which in no case exceeds one year. It is also settled law that a judgment is not void upon its face unless its invalidity is apparent from an inspection of the judgment roll. . . . The effect of these well-settled rules is, that unless the invalidity of a judgment is apparent from an inspection of the judgment roll, the court rendering it has no power, in the absence of application made within the time specified in section 473 of the Code of Civil Procedure, to make any order vacating or setting aside such judgment, and the sole remedy of the aggrieved party who may not, in fact, have been served, is to be found in a new action, on the equity side of the court." It is further held in that case that under the provisions of section 670 of the Code of Civil Procedure, as it stood prior to 1895, neither the affidavits for publicaton of summons, nor the order for publication of summons constituted any part of the judgment-roll under the law then in force, and cannot therefore be considered, notwithstanding the fact that they had been placed in the bill of exceptions. That case also holds that there is no merit in the contention that the record does not show the issuance of an *alias* summons for the purposes of publication.

The cases of *Lake* v. *Superior Court*, 165 Cal. 182 [131 Pac. 371], and *People* v. *Norris*, 144 Cal. 422 [77 Pac. 998], show that proceedings such as we have here are col-

250

lateral attacks. Being a collateral attack, nothing appearing to the contrary, every act necessary to be taken by the trial court in order to obtain jurisdiction will be presumed to have been taken. (*Hahn* v. *Kelly*, 34 Cal. 391 [94 Am. Dec. 742].)

In *Fletcher* v. *Superior Court of Sacramento County*, 79 Cal. App. 468 [250 Pac. 195], this court had occasion to review practically all the California cases having to do with presumptions in favor of a judgment. A complete answer to every contention made by the appellant will be found in the cases of *Hahn* v. *Kelly, supra,* and *Fletcher* v. *Superior Court, supra.*

The order appealed from is affirmed.