JUDITH HERMINIA ROSSY PORRAS, Plaintiff and Appellant, *v.* MARÍA DE LOS ANGELES MARTÍNEZ ET AL., Defendants and Appellees.

No. 10000. Argued December 1, 1949.—Decided December 21, 1949.

704

Samuel R. Quiñones for appellant. E. Martínez Rivera and Luis
 Blanco Lugo for appellees.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Of the seven causes of action alleged in the complaint filed on October 2, 1947 by Judith Herminia Rossy Porras against María de los Angeles García Martínez, Elio Manuel Rossy Porras and Enrique Umpierre & Co.[1], we shall set forth and discuss the first one only, since the others are a direct consequence thereof. In said first cause of action, as appears from the amended complaint filed, it is essentially alleged as follows: That Jesús María Rossy and Sebastiana Porras lived in concubinage uninterruptedly during several years, the plaintiff having been born on May 4, 1925, as a result of those relations; that ever since plaintiff's conception and birth until Rossy's death, the latter always regarded her as his daughter, attending to her maintenance and education, regarding her publicly and privately as his daughter and referring to her and treating her as such; that the defendants García Martínez and Rossy Porras have always

---

[1] The partnership Enrique Umpierre & Co. appeared as defendant because as set forth in the sixth cause of action it had loaned to the defendant García Martínez the sum of $10,000 and in order to secure said loan a voluntary mortgage had been executed on one of the inherited farms, as well as a lease contract for a five-year term.

recognized the plaintiff as Jesús M. Rossy's daughter, the defendant Elio Manuel Rossy Porras, born in 1923, being likewise a son of Jesús M. Rossy and Sebastiana Porras; that on December 5, 1928 Jesús M. Rossy made an affidavit according to law before the person in charge of the civil registry of San Juan stating that he was plaintiff's father and that she had been born on the afore-mentioned date, requesting the inscription in said registry whereupon the corresponding record of acknowledgment was drawn up; that on July 30, 1941, and by public deed, Rossy executed an open will in which he acknowledged plaintiff as his daughter; that two days later and by virtue of another deed Rossy executed a new will revoking the previous one, but acknowledging the plaintiff once more; that in the will executed on July 30, 1941 the plaintiff was designated as heir, but she was not so designated in the one executed on August 1, 1941, in which only the defendants María de los Angeles García Martínez and Elio Manuel Rossy Porras appear as heirs of Rossy's entire estate; that Jesús M. Rossy died in Trujillo Alto in 1942,[2] being married to the defendant María de los Angeles García Martínez, whom he married on February 10, 1897, from whom he was divorced about the year 1932 or 1933 [3] and with whom he again contracted matrimony at the beginning of the year 1941, without any children having been born of said two marriages with his legitimate wife and without leaving any other children than the plaintiff and the defendant Rossy Porras.[4] In regard to that cause of action the complaint prays that the plaintiff be declared an acknowledged natural daughter of Jesús M. Rossy and that it be ordered that said fact be set forth in the Civil Registry of San Juan; that by

---

[2] The record discloses that Jesús M. Rossy died on May 10, 1942.

[3] The record likewise discloses that Jesús M. Rossy was divorced on September 1, 1933.

[4] In the first amended complaint found in the record it was also alleged that when the plaintiff, being a minor, married, Jesús M. Rossy gave as the father his consent to her marriage, thus acknowledging her also as his natural daughter.

reason of her preterition as a forced heir, the designation of heirs contained in the will executed on August 1, 1941 be annulled; and that it be decreed that she, as a forced heir in the portion fixed by the law, is owner of half of the estate left by Rossy at his death.

In view of the complaint thus filed, the defendant García Martínez moved the court for a summary judgment,[5] on the ground that the complaint was mainly dependent on plaintiff's alleged status as an acknowledged natural daughter of Jesús M. Rossy; that from the very allegations of the complaint and the affidavit of merits joined to the motion [6] it appears that the plaintiff was conceived and born while Jesús M. Rossy was married to the codefendant García Martínez, hence being legally barred from contracting matrimony with Sebastiana Porras; that it likewise develops that the alleged acknowledgment took place prior to the effective date of Act 229 of 1942, the acknowledgment thus made being null and void, because it did not meet the requirements contained in the first paragraph of § 125 of the Civil Code (1930 ed.), as it prevailed at the date of plaintiff's conception and birth; and that summary judgment should be rendered in favor of the defendants.

On February 2 of this year the District Court of San Juan rendered summary judgment declaring the plaintiff an acknowledged natural daughter of Jesús M. Rossy for the only purpose of using her father's surname, and denying the complaint in all its other particulars.

The plaintiff maintains in the three errors assigned in her brief that the lower court erred in rendering judgment in the manner it did. In her discussion thereof she contends that the right of the defendants to contest the acknowledgment of the plaintiff has prescribed; that only the forced heirs may contest the acknowledgment made; that the de-

---

[5] The defendant Rossy Porras later joined in that motion.

[6] This affidavit of merits does not appear in the record sent up.

fendants are estopped from attacking said acknowledgment; that § 2 of Act 229 of 1942 operates retroactively and is therefore applicable to the plaintiff; and that the latter's filiation should be governed by the afore-mentioned Act 229 and not by §125. We shall discuss these questions in the order they have been raised.

 Although the complaint filed contained different causes of action, six of them referred only to rights dependent on the fact that the plaintiff be declared an acknowledged natural daugther of Jesús M. Rossy. Such complaint, therefore, could be characterized as one strictly for acknowledgment. *Figueroa* v. *Díaz et al.*, 20 P.R.R. 270. The action to contest such acknowledgment is a personal one which, not having a fixed term, must be exercised prior to the expiration of the fifteen-year term. Section 1864 of the Civil Code, 1930 ed., *Gastón* v. *Heirs of Franceschi*, 43 P.R.R. 285; *Alcaide* v. *Morales*, 28 P.R.R. 258, 273; *Castro* v. *Solís et al.*, 19 P.R.R. 645. Had defendants' right to challenge the alleged acknowledgment of the plaintiff prescribed? In our judgment, it had not. Assuming for the purposes of this opinion that due to the fact that the defendant María de los Angeles García Martínez—widow of Jesús M. Rossy—was a forced heir of the latter (§ 736, subdivision 3, of the Civil Code, 1930 ed.), her right to challenge the acknowledgment made by Rossy in favor of the plaintiff arose when the former on December 5, 1928 made the affidavit referred to before the civil registry and that therefore her right to object to the complaint had prescribed when it was filed on October 2, 1947, we are met, however, with the legal principle that although prescription is ordinarily a very personal defense, when as happens here the judgment which will finally have to be rendered is inseparable and indivisible, the defense of prescription which benefits one of the defendants also inures to the benefit of the others. *McCormick* v. *McCormick*, 64 P.R.R. 283, 289; *Valiente & Co.* v. *District Court*, 52 P.R.R.

708, 713; *Valiente & Co.* v. *Heirs of Fuentes*, 51 P.R.R. 317, 321–2; *Miller's Heirs* v. *McIntire*, 24 U. S. 440, 6 L. ed. 515; *Powel* v. *Koehler*, 39 N.E. 195; *Croker* v. *Williamson*, 102 N.E. 588, 589; *Weichold* v. *Day*, 236 P. 649; 34 Am. Jur. § 193, p. 156. Since in the case at bar whichever rights Elio Manuel Rossy Porras had, arose upon the death of the testator on May 10, 1942, his right to challenge the alleged acknowledgment of the plaintiff had not prescribed, as from that date until the filing of the complaint in 1947, there had not elapsed the fifteen-year term for the prescription of personal actions without a fixed term referred to in said Section. (Keep in mind that Elio Manuel Rossy Porras was not a forced heir, but only a testamentary heir.) However, even if we admit for the sake of argument his status of forced heir, we would confront the fact that since he was born in 1923, by an express provision of § 40 of the Code of Civil Procedure,[7] prescription did not begin to run against him until 1944, when he became of age. In that case the term of fifteen years provided for in § 1864, supra, had not expired either at the date of the filing of the complaint. Hence, the defense of prescription wisely raised by the defendant Rossy Porras, also inured to the benefit of codefendant María de los Angeles García Martínez.

On the other hand, the plaintiff is not correct either in maintaining that only forced heirs can challenge her acknowledgment. Clemente de Diego, *Instituciones de Derecho Civil*, vol. 2, 1930 ed., p. 518; *Ex parte Hernández*, 65

---

[7] Section 40 of the Code of Civil Procedure provides:

"If a person entitled to bring an action, other than for the recovery of real property, be at the time the cause of action accrued, either:

1. Within the age of majority; or
2. Insane; or
3. Imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life; or
4. A married woman, and her husband be a necessary party with her in commencing such action.

*The time of such disability is not a part of the time limited for the commencement of the action.*" (Italics ours.)

P.R.R. 132, 139. By express provision of § 126 of the Civil Code, 1930 ed., "The recognition of a child not having the qualifications provided for in paragraph first of section 125 can be disputed by whomsoever may be affected thereby." [8] There is no doubt that the plaintiff was not born from parents who at the time of her conception could have married, with or without dispensation, since it is admitted that on May 4, 1925, the date of her birth, her alleged father was married to codefendant María de los Angeles García Martínez. Consequently, her acknowledgment could be challenged by the widow of Rossy as well as by the heir Rossy Porras. We say this because it is undeniable that the hereditary rights of the widow as well as those of Rossy Porras would have been prejudiced if it had been held that the plaintiff was in fact an acknowledged natural daughter of Jesús M. Rossy. See Manresa, *Comentarios al Código Civil Español,* Vol. I, 1943 ed., pp. 649–651. We have also held that the testamentary heirs of a decedent are not estopped from attacking the alleged acknowledgment of a natural child. See *Alcaide* v. *Morales, supra.*

The plaintiff is likewise mistaken in her assertion that defendants García Martínez and Rossy Porras were estopped from challenging her presumptive acknowledgment. Section 126 of the Civil Code already cited is contrary to this contention.

 We have likewise repeatedly held that Act 229 of May 12, 1942 (Sess. Laws, p. 1296), as amended by No. 243 of May 12, 1945 (Sess. Laws, p. 814) is not retroactive, but prospective. *Cruz* v. *Andrini,* 66 P.R.R. 119, 121; *Fernández* v. *Heirs of Fernández,* 66 P.R.R. 831, 834; *Correa* v. *Heirs of Pizá,* 64 P.R.R. 938; as well as that the rights of children born prior to the effective date of Act 229, *supra,*

---

[8] The first paragraph of § 125 of the Civil Code provides: "Natural children are those born out of wedlock, from parents who, at the moment when such children were conceived or were born, could have intermarried with or without dispensation."

are governed by § 125 of the Civil Code and not by that Act. *Elicier* v. *Heirs of Cautiño, ante*, p. 407; *Correa* v. *Heirs of Pizá, supra,* and cases therein cited. There is nothing to induce us now to change our view. The plaintiff was born in 1925 from an unmarried mother, but from a father married to another woman. She was not, therefore, a natural daughter pursuant to the provisions of § 125, *supra.*[9]

None of the errors assigned having been committed, the judgment appealed from will be affirmed.

Mr. Justice Negrón Fernández dissented on the same grounds set forth by him in his dissenting opinion in *Elicier* v. *Heirs of Cautiño, ante,* p. 407.

---

[9] With respect to the averment contained in the complaint to the effect that the defendants María de los Angeles Martínez and Elio Manuel Rossy Porras have always recognized the plaintiff as Jesús M. Rossy's daughter, see *Elicier* v. *Heirs of Cautiño, supra.*